CASE 2—PETITION EQUITY—OCTOBER 10.

# Northwestern Mutual Life Insurance Company v. Barbour, &c.

### APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. A PLAINTIFF HAS THE RIGHT TO DISMISS HIS ACTION WITHOUT PREJU-
DICE at any time before final submission; and while the defendant can
not be thereby precluded from maintaining any cause of action already
pleaded as counter-claim or set-off, yet such right of the defendant
exists only where the counter-claim or set-off has been filed in court
while the action was pending and before the plaintiff has made a
motion to dismiss it.

In this case plaintiff's motion to dismiss without prejudice was
properly sustained, although after it was made, but before it was acted
on, the defendant tendered an amended answer and counter-claim.
And the dismissal being proper, a denial of the motion to file the
amended answer and counter-claim was inevitable.

2. A RULE OF COURT REQUIRING NOTICE OF MOTIONS does not apply to a
motion by plaintiff to dismiss his action, as the Civil Code makes it
imperative upon the court to sustain such a motion.

BARNETT, MILLER & BARNETT FOR APPELLANT.

1. The order of March 7, 1892, dismissing the action without prejudice,
after it had been reversed by this court (13 Ky. Law Rep., 619), was
void as to appellant, because it was entered without notice, which the
rule of court expressly requires. (Rule 4 of court; 16 Am. & Eng.
Ency. of Law, 807; Varden v. Mount, 78 Ky., 86.)

2. The counter-claim, seeking a cancellation and surrender of the policy,
was tendered before the motion to dismiss was properly made, and
should have been filed, and the relief therein prayed for should have
been granted. (Minor's Institutes, vol. 4, p. 1105; Story's Eq. Jur.,
sec. 700; Ward v. Deering, 4 T. B. M., 44; Leigh v. Everhart, 4 T.
B. M., 379; Barnett v. Montgomery, 6 T. B. M., 330; Mershon v.
Bank of the Commonwealth, 6 J. J. M., 438; Pomeroy's Eq. Jur.,
vol. 2, sec 914, note; Lawson's Rights and Remedies, vol. 5, sec.
2305; Clark v. Smith, 13 Peters, 203; Conn. Mut. Life Ins. Co. v.
Home Ins. Co., 17 Blatch., 142.)

DODD & DODD FOR APPELLEES.

The plaintiff can not be deprived of his right to dismiss without prejudice
until a final submission of the case, or until there is either a set-off or

counter-claim *actually* asserted. And as the motion of appellees in this case was entered seven days before there was any pretense of a set-off or counter-claim made, the dismissal was proper. (Civil Code, secs. 371, 372; *Idem*, sec. 111, subsec. 3.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was originally brought by James P. Barbour and others against the Northwestern Mutual Life Insurance Company to recover on two policies of life insurance. And a demurrer to defendant's answer having been sustained, judgment for plaintiffs followed. But upon appeal to this court that judgment was reversed and case remanded for the demurrer to be overruled and further proceedings consistent with the opinion of this court.

It appears from transcript of the record before us that, March 7, 1892, defendant moved to file in the lower court the opinion and mandate of this court, and for both the order sustaining demurrer to the answer and judgment in favor of plaintiffs to be set aside. But that motion was not then decided, being assigned to March 15 for hearing. On the same day, March 7, plaintiffs moved to dismiss the action without prejudice, which motion was likewise postponed to March 15. In the meantime, that is, March 14, defendant moved the court to file an amended answer and counter-claim; but an order was then made postponing the action until March 15 for hearing on all pending motions, though no decision was made thereon until March 28.

No exception was or could properly be taken to filing the opinion and mandate of this court, or to setting aside the previous order and judgment as directed thereby. But the motion of plaintiffs to dismiss the action without

prejudice was at the same time sustained; while that of defendant to file an amended answer and counter-claim was overruled. And from these two orders defendant has appealed. After the motion to dismiss the action was sustained, if legally done, a denial of the motion to file the amended answer and counter-claim was inevitable, because the action had then terminated and there were no allegations to be traversed, nor any contract or transaction in litigation out of which the counter-claim could arise. Whether the motion to dismiss the action was proper, it seems to us, must depend upon construction of the Civil Code. Section 371 provides that "an action or any cause of action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court, if the trial be by the court."

The right of a plaintiff to dismiss his action without prejudice at any time before final submission existed at common law, and a denial of it would often work hardship and injustice. We are, therefore, satisfied it was intended by the Civil Code that right might be exercised absolutely and without condition. But though such be the case it does not necessarily follow the defendant can be thereby precluded maintaining any cause of action already pleaded as counter-claim or set-off. For section 372 provides that "a defendant is entitled to a trial of a set-off or counter-claim, though the plaintiff dismiss his action or fail to appear." But clearly such right of defendant exists only where the counter-claim or set-off has been filed in court while the action was pending and before the plaintiff has made a motion to dismiss it. We are thus limited to the single inquiry whether the lower

court correctly gave precedence to and decided the motion to dismiss before passing upon that of defendant to file the answer and counter-claim. And as to that question we see no room for doubt; for inasmuch as the right of plaintiffs to dismiss was absolute, and the court was bound to sustain the motion when made on March 7, the intervening motion of defendant to file the answer and counter-claim did not, nor could legally, deprive them of the right, or in any way affect it.

Counsel, however, contends that the motion to dismiss of March 7 was void, because made and entered without notice as required by a rule of court. It does not seem to us the rules of court, made part of the bill of exceptions, fairly construed, were intended to apply to a motion of a plaintiff to dismiss his action; for we can not conceive the necessity for, or validity of, a rule of court requiring one party to notify the other of an intended motion that the Civil Code gives the unconditional right to make and makes imperative upon the court to sustain.

In our opinion the lower court had no discretion, but was bound to dismiss the action upon motion of the plaintiffs, and, as a consequence, to overrule the subsequent motion of defendant to file the amended answer and counter-claim.

Judgment affirmed.