## Ray v. Ellis, et al.

(Decided February 3, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Judgment—Premature Rendition—Motion to Set Aside—Evidence. —On a motion to set aside a judgment on the ground that it was prematurely rendered, evidence considered, and held to sustain the finding of the chancellor that the judgment was not prematurely rendered.

2.  Judgment—Personal Judgment on Note—Lien on Stock Pledged.— In an action on a note secured by stock of an insurance company which has been absorbed by another company by an arrangement whereby the latter was to issue its stock in lieu of the stock of the company absorbed, it was error to render personal judgment on a note, and direct that the new stock be issued to plaintiff's attorney; the judgment should have adjudged

plaintiff a lien, and ordered a sale of the stock by the commis-
sioner after due advertisement.

JOHN W. RAY and DAYTON T. MITCHELL for appellant.

M. W. RIPY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

On November 1, 1912, John W. Ray executed to A.
L. Edwards his promissory note for $2,000, payable in
six months, and secured by 200 shares of stock of the
Inter-Southern Life Insurance Company. The note was
sold, transferred and assigned to T. B. Ellis. By mis-
take suit was brought on the note on March 18, 1913, in
the name of A. L. Edwards, instead of T. B. Ellis, the
assignee. The action was never set at rules, and was
dismissed without prejudice on July 17, 1913. The
next day Ray filed in the clerk's office an answer and
counter-claim.

The Inter-Southern Life Insurance Company has
taken over the assets of the Southern National Life In-
surance Company under an arrangement by which it
was to issue its own stock in lieu of the Southern Na-
tional Life Insurance Company stock.

On September 26, 1913, this action was brought by
plaintiff, T. B. Ellis, the assignee of the note, against
the defendant, John W. Ray, and the two insurance com-
panies, to recover on the note, and to enforce his lien
on the stock. The insurance companies were made par-
ties for the purpose of having the Inter-Southern Life
Insurance Company issue its stock in lieu of the South-
ern National Life Insurance Company's stock which had
been deposited as collateral security. Demurrers were
filed by the two insurance companies, but without au-
thority. The case was regularly set at rules, and, upon
the calling of the docket on November 20, 1913, Ray
filed a plea in abatement, setting out the pendency of
the former action, and filing as exhibits the petition,
answer and counter-claim filed in that action. On No-
vember 8, 1913, the action was again set at rules, and a
reply to the plea in abatement filed. On May 11, 1914,
long after the time for taking proof had expired, the case
was regularly set at rules, called upon the docket, and
submitted. The first record was sent out with the case,
and, on the Saturday following the submission, Judge

Quarles directed the preparation of a judgment. The draft of the judgment was prepared and taken up by the court in chambers. The reason that Ray's attorney was not notified was that he had told plaintiff's attorney that he intended to have nothing more to do with the case. Ray's attorney, however, was notified that plaintiff intended to take judgment. When the draft of the judgment was submitted to Judge Quarles it was discovered that, by oversight, the note and the stock certificates had not been actually filed. On June 25, 1914, the order of submission was set aside to enable plaintiff to file the exhibits. The exhibits were then filed, and the action again submitted in chief. On June 27, 1914, judgment was rendered. During the vacation, and within sixty days after the judgment was rendered, defendant Ray asked for a new trial, and that the judgment be set aside. The foregoing facts were established by the affidavits filed by plaintiff. The defendant introduced no proof to the contrary. Defendant's motion for a new trial and to have the judgment set aside was overruled. When the motion was made, defendant did not tender an answer showing a defense to the action, but stated in his grounds that he had a defense as shown by his answer and counter-claim filed in the action brought on the note by A. L. Edwards. Defendant Ray insists that the submission of the case in chief was premature, because he had a right to have a decision on his plea in abatement, and an opportunity to defend on the merits after that plea was disposed of. Of course, the plaintiff in the first action brought on the notes had a right to dismiss that action without prejudice at any time before its final submission. Civil Code, Sec. 371; Vertrees' Admr. v. Newport News, &c. Co., 95 Ky., 314; Wilson v. Dupree, 24 Ky. L. R., 1456, 71 S. W., 645; Citizens Nat. Bank of Danville v. Foreman's ,Assignee, 111 Ky., 206; Wilson v. Milliken, 103 Ky., 165, 42 L. R. A. 449, 82 Am. St. Rep., 578. As that action has been dismissed without prejudice, a simple inspection of the records in the clerk's office was all that was necessary to show this fact. As a matter of fact, no action on the note in question was pending, and it is, therefore, difficult to see how defendant could have been relying on the pendency of another action to defeat this action. The case was submitted in chief, and defendant's attorney was notified of the fact that judgment would be

taken. When the case was set down for submission in chief, it was defendant's duty to know of this fact. If the attorney whom he was employing was no longer attending to the case, then he should have secured another attorney or looked after the matter himself, since he is also a practicing attorney. Furthermore, defendant did not tender with his motion to have the judgment set aside a good and sufficient answer, nor did he tender such an answer before the motion was finally disposed of. He simply stated in his motion and grounds that he had a good defense, as shown by the answer and counter-claim filed in the original action brought by A. L. Edwards. In view of these facts we see no reason for disturbing the finding of the chancellor, who refused to set aside the judgment on the ground that it was prematurely rendered.

Defendant, however, insists that the judgment itself was erroneous. It first adjudged a recovery in favor of plaintiff for the sum of $2,000, with six per cent. interest from the date of the note. It further directed the Inter-Southern Life Insurance Company, in the event of Ray's refusal to endorse the certificates, to issue new certificates of its own stock in lieu of the stock of the Southern National Life Insurance Company, and that this stock be issued to plaintiff's attorney. Manifestly, the effect of the judgment is to give plaintiff the stock without giving defendant Ray any credit therefor on the personal judgment obtained against him. The judgment should have adjudged plaintiff a lien and directed a sale of the stock by the commissioner after due advertisement.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.