## Ohio Valley Electric Railway Company v. Lowe.

(Decided December 1, 1915.)

### Appeal from Boyd Circuit Court.

1.  Trial—Dismissal Without Prejudice—Section 371, Civil Code.— Under section 371 of the Civil Code of Practice, the plaintiff may dismiss his action, without prejudice, at any time before the final submission of the case to the jury.
2.  Trial—Submission to Jury.—A case is finally submitted to the jury within the meaning of section 371 of the Civil Code of Practice, when all questions of law have been disposed of by the court, and the instructions and papers pertaining to the case have actually been delivered to the jury, and they are authorized without further interposition or control of the court, to proceed to a decision of the case.
3.  Trial—Dismissal Without Prejudice.—Where the court, at the conclusion of all the testimony verbally sustained the defendant's motion to peremptorily instruct the jury to find for the defendant, and counsel for defendant had prepared such an instruction and read it in open court and in the presence of the jury, but counsel for plaintiff moved the court to dismiss the action without prejudice before the instruction was delivered to the jury, the case had not been finally submitted to the jury, and the court properly sustained plaintiff's motion to dismiss the action without prejudice.

GEORGE B. MARTIN and JOHN T. SMITH for appellant.

J. S. FULLERTON and JOHN W. WOODS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellee, Samuel Lowe, brought this action in
the Boyd circuit court against the Ohio Valley Elec-
tric Railway Company, to recover damages for personal
injuries alleged to have been caused by the negligence
of the employes of that company, on June 28th, 1913.
The answer contained a traverse, a plea of contributory
negligence, and a plea of accord and satisfaction. A re-
ply completed the issues, and a trial was had, with the
aid of a jury.

The proceedings, in so far as they are pertinent to
this appeal, are shown by the judgment, which reads as
follows:

"At the conclusion of all the testimony defendant
moved the court to peremptorily instruct the jury to find
a verdict for it, to which motion the plaintiff objected;
and, the court hearing said motion and being sufficiently
advised sustained same, and directed counsel for defend-
ant to prepare a verdict accordingly; thereupon, but
while counsel for plaintiff was still discussing with the
court the question of sustaining defendant's said motion
and trying to get him to overrule same, instead of sus-
taining it, such verdict was prepared by counsel for de-
fendant and read in open court and in the presence of
the jury; but before the delivering thereof to the jury
or the signing thereof, plaintiff moved the court to dis-
miss this cause without prejudice to a future action, and
to which motion defendant objected; the court, on con-
sideration of said motion, and being advised, sustains
same and permits this action to be dismissed without
prejudice, to which ruling of the court the defendant
excepts.

"Wherefore it is adjudged by the court that the
jury be discharged from this case, and that plaintiff's
petition and cause of action herein be and the same is
now hereby dismissed without prejudice to a future
cause of action, and that defendant recover of plaintiff
its costs herein expended."

The company appeals, and complains that the court
erred in permitting Lowe to dismiss his action. That
is the only question presented by this appeal.

So much of section 371 of the Civil Code of Practice,
as is here material, reads as follows:

"An action, or any cause of action, may be dismissed without prejudice to a future action—

"1. By the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court."

It will readily be seen, therefore, that the decision of this case depends upon the determination of the question whether the action had been finally submitted to the jury at the time Lowe made his motion to dismiss it. In other words, when is a case finally submitted to the jury? In Vertrees' Admr. v. Newport News, &c., Company, 95 Ky., 314, the defendant moved the court to instruct the jury peremptorily to find for it; and, after the motion had been fully heard by the court, it was sustained, and the plaintiff excepted. The plaintiff then moved the court to permit him to dismiss his action without prejudice; but his motion was overruled, and the jury was instructed to find for the defendant, which it did, and judgment was entered accordingly.

In holding that Vertrees' Administrator had the right to dismiss his action, and in reversing the judgment of the circuit court for error in overruling his motion, the court said:

"The issue in this case was one of fact, to be judicially examined and determined by the jury, under instructions by the court, in regard to the law applicable. Now the bill of exceptions, which we have quoted, shows that, although the court had sustained plaintiff's motion for the peremptory instruction, there had not been any submission of the case, final or otherwise, to the jury before plaintiff moved to dismiss the case, for it is stated that the jury was not actually instructed to find for defendant until after the motion of plaintiff to dismiss was made. Strictly and properly there can be no *final* submission of a case to the jury until all questions of law have been disposed of by the court, instructions and papers pertaining to the case have been actually delivered to the jury, and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them.

"In our opinion, plaintiff had the right to dismiss his action without prejudice at the time he made the motion, and the court erred in overruling it."

Again, in Illinois Central Railroad Co. v. Seibold, 160 Ky., 139, Seibold sued the company for damages for personal injuries. The order in the case showed that at the conclusion of the evidence for the plaintiff the company moved the court to peremptorily instruct the jury to find a verdict for it, and that the court sustained the motion; but, while said motion was under consideration, the plaintiff moved the court to withdraw and dismiss, without prejudice, so much of his action as sought a recovery under the Federal Employers' Liability Statute. The court sustained plaintiff's motion, and dismissed, without prejudice, so much of the action as sought a recovery under the Federal statute. The court then sustained defendant's motion to peremptorily instruct the jury to find a verdict for the company. But, after the verdict had been written out by the clerk, and while it was being signed by the foreman of the jury, and as the clerk was waiting for the foreman's signature to be completed, the plaintiff moved the court to dismiss what remained of his action, without prejudice. The company objected to that motion, and moved the court to receive the verdict and dismiss the action absolutely, but the court overruled the defendant's motion and sustained the plaintiff's motion, and dismissed his action, without prejudice.

In reversing that ruling, this court said:

"In the case under consideration the court had sustained the motion for a peremptory. The following verdict had been written out: 'We, the jury, under peremptory instructions from the court, find for the defendants, Illinois Central Railroad Company and Ben Flood.' One of the members of the jury had been directed to act as foreman and sign the verdict. We therefore conclude that there had been a final submission of the case to the jury within the meaning of the code."

See also Wm. Glenny Glass Co. v. Taylor, 99 Ky., 24.

From these authorities we find the rule to be that a case is finally submitted to the jury within the meaning

of section 371 of the code, when all questions of law have been disposed of by the court, and the instructions and papers pertaining to the case have actually been delivered to the jury, and they are authorized without further interposition or control of the court, to proceed to a decision of the case. At any time before that stage of the trial is reached, the case has not been finally submitted to the jury, and the plaintiff may dismiss it, without prejudice; but, after that stage has been reached, the case is beyond his control.

Consequently, in the Vertrees case, *supra,* where the the court had verbally sustained defendant's motion for a peremptory instruction to direct the jury to find a verdict in its favor, but had not actually delivered an instruction to that effect to the jury, the plaintiff was permitted immediately thereafter to dismiss his case, without prejudice; while in the Seibold case, *supra,* the plaintiff was not permitted to dismiss his case, without prejudice, after the instruction for a peremptory finding in behalf of the defendant had been written out and delivered to the foreman for his signature, which he was in the act of writing at the time the motion to dismiss was made.

If, instead of the foreman signing the verdict while the jury was in the jury box, they had taken the verdict to the jury room for the purpose of signing it, there can be no doubt, under the authorities above cited, that the case would have stood submitted to the jury from the time they received the instruction. Being a peremptory instruction, however, where no deliberation was necessary, the foreman signed it while in the box. It follows, therefore, that when the written instruction, whatever its nature may be, is delivered to the jury, the case by that act passes into the control of the jury; it is then finally submitted to the jury, within the meaning of section 371 of the code.

Applying the rule to the facts of the case before us, we find that after the court had verbally sustained defendant's motion for a peremptory instruction, but while the plaintiff's attorney was still discussing with the court the propriety of that ruling, the verdict pursuant to the peremptory instruction was prepared by counsel for defendant "and read in open court and in the pres-

ence of the jury, but before the delivering thereof to the jury or the signing thereof, plaintiff moved to dismiss his action, without prejudice, and the court sustained his motion."

It will thus be seen that the instruction, in the form of a directed verdict for the defendant pursuant to the verbal ruling of the court, was never actually delivered to the jury by the court. The order merely recites that the verdict had been prepared by counsel for defendant and read in open court and in the presence of the jury. Evidently it was read by defendant's counsel to the court for the purpose of having the court give it to the jury, with instructions to its foreman to sign it. But the order further recites that before it was delivered to the jury the plaintiff made his motion to dismiss, without prejudice, and that the court sustained the motion.

The substance of it all is, that while the court verbally indicated that it would give a peremptory instruction for the jury to find for the defendant, it did not actually give such an instruction; on the contrary, it sustained the plaintiff's motion to dismiss the action, without prejudice. At no stage of the proceedings did the court submit any instruction or papers pertaining to the case to the jury; and, at no time was the jury authorized, without further interposition or control of the court, to proceed with a determination of the case. Consequently, there was no final submission of the case prior to plaintiff's motion to dismiss his action without prejudice.

Judgment affirmed.