## Tandy & Farleigh Tobacco Company v. Briggance and Price.

(Decided June 7, 1918.)

### Appeal from Logan Circuit Court.

1. Dismissal and Non-Suit—Dismissal Without Prejudice.—A plaintiff may at any time, before final submission of a cause, dismiss his action without prejudice to a future action, and this though the defendant object to the dismissal. But if the defendant have a counter-claim or set-off, the dismissal without prejudice of the plaintiff's cause of action does not carry with it the cause set up in the counter-claim or set-off.

2. Dismissal and Non-Suit—Dismissal Without Prejudice.—Where a plaintiff, on the first day of the first succeeding term of the court, after the institution of the action, moves to dismiss his action without prejudice to a future action, the court should sustain this motion and dismiss the action without prejudice, over the objection of the defendant, who moves to dismiss the action absolutely.

3. Dismissal and Non-Suit—Dismissal Without Prejudice.—A trial court may not dismiss an action absolutely, except upon motion of the plaintiff, or upon final hearing on the merits.

I. G. MASON for appellant.

J. W. LINTON, S. R. CREWDSON, E. COLEMAN TAYLOR, H. T. AMIS and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

On March 21st, 1917, the Tandy & Farleigh Tobacco Company, incorporated, instituted this action in the Logan circuit court against Briggance and Price, owners of a crop of tobacco, for specific performance of an alleged contract of sale of tobacco to said tobacco company, averring that the defendants were then threatening to and would resell and dispose of the crop of tobacco to others and remove it out of the state of Kentucky, unless restrained by an order of the court, and as an incident to the action plaintiff sought and was granted by the clerk a temporary restraining order, prohibiting Briggance and Price from again selling or removing the tobacco. The petition also sought to recover two hundred fifty ($250.00) dollars, in damages for alleged deterioration in the tobacco caused by improper storage. The usual injunction bond was executed before the clerk of the circuit court. The judge of the circuit court being absent from the county but expected to shortly return to Russellville, the county seat, defendant Price, on the 27th day of March, gave notice to the plaintiff, tobacco company, that the defendant Price would on Wednesday, April 11th, 1917, at nine o'clock a. m., at the court house in Russellville, file a motion before Hon. John S. Rhea, judge of the Logan circuit court, to discharge the restraining order granted by the clerk. Certain other notices were given of proposed motions to be made on April 11th, but so far as the record shows no motion was entered before the judge at the time and place fixed in the notices, and no order was made or entered in the case upon that occasion, but at rule day, on April 2nd, a motion was filed by Price to dissolve the injunction on the eleventh day of April and certain reasons set forth why such a dissolution should be had. On the same rule day defendant Price filed a general demurrer and a separate answer to the petition of the tabacco company. On April 14th Price again gave notice to the tobacco company that on the third day of the next May term (1917) of the Logan circuit court he would move the court for a rule against the tobacco company, Briggance and the securities of the company, Morrow & Morrow, to show cause why they and each of them, should not be

punished for contempt, "in that after the issuance of the temporary injunction and restraining order by C. T. McCormick, clerk of the Logan circuit court, to-wit: on March 21st, 1917, said parties aforesaid, and each and all of them, contemptuously and pursuant to a conspiracy between them, took into possession the tobacco mentioned in the petition in this action, and caused the same to be removed from the barn of this defendant without his consent, and carried and delivered same to the Tandy & Farleigh Tobacco Company." Notice was also given upon the same day that the defendant, Price, would, on April 25th, proceed to take depositions of certain witnesses to be read as evidence upon the trial of the case; a subpoena was also issued upon the same day for the witnesses named to appear and give their depositions. Price also gave notice that on May 23rd, that being the third day of the regular May term, 1917, of the Logan circuit court, he would move the court to dissolve and set aside the injunction granted by the clerk. On the first day of the May term of the court the plaintiff, Tandy & Farleigh Tobacco Company, filed this written motion: "The plaintiff herein, Tandy & Farleigh Tobacco Company, incorporated, comes and respectfully moves the court to dismiss its cause without prejudice to a future action." To this motion the defendant Price at the time objected. In a separate order this appears, as of the second day of the term: "This day came defendant and filed affidavit of defendant, F. L. Price." This affidavit, which is copied into the record, in substance states that the plaintiff, tobacco company, Briggance, and the two Morrows, all acting together and in concert did in violation of the rights of defendant, Price, cause the tobacco in question to be removed from the premises of defendant Price and to be delivered to the Tandy & Farleigh Tobacco Company and its representatives, and in conclusion the affidavit says: "wherefore, he (Price) asks the court to dismiss this action for the reasons aforesaid and to deny the plaintiffs a hearing in court, and for a rule against them to show cause why they, and each of them, to-wit: said parties herein mentioned, should not be punished for contempt in that they have treated contemptuously this court wherein this action was and is pending, and also taking advantage of the extraordinary remedy of an injunction to get pos-

session of that which they are not entitled to and without a hearing before this court, or any other tribunal of competent jurisdiction.'' On the 23rd day of May, which was the third day of the term, the following order was entered by the court: ''This cause coming on to be heard upon the motion of the plaintiff to be allowed to dismiss this action without prejudice, and the defendant, F. L. Price, appearing, objected to said motion and also moved the court to dismiss this cause absolutely, and dissolve the injunction herein granted by the clerk of this court, and also having filed in support of said motion his affidavit, which is hereby made a part of the record herein, and the court, having considered said motion and being advised, adjudges: (1) that the motion of the plaintiff to be allowed to dismiss this suit without prejudice be and the same is hereby denied and said motion is overruled; (2) it is further adjudged that the defendant F. L. Price's motion to dismiss this action absolutely, be and the same is hereby sustained and said cause is hereby dismissed absolutely: (3) it is further adjudged by the court that the restraining order and temporary injunction, heretofore granted in this cause by C. T. McCormick, clerk of this court, be and the same is hereby dissolved, set aside and held for naught and is of no further force and effect, and it is further adjudged by the court that the defendant, F. L. Price, recover of the plaintiff, Tandy & Farleigh Tobacco Company, his costs herein expended, for which execution may issue after ten days herefrom.''

From this judgment the tobacco company appeals.

It will be observed that the only question presented upon this appeal is the right of the plaintiff to dismiss its action without prejudice to a future suit before final submission of the action to the jury or court, if the trial be by court. This question has been before this court frequently. Section 371, Civil Code, provides ''An action, or any cause of action, may be dismissed without prejudice to a future action; . . . by the plaintiff before the final submission of the case to the jury, or to the court, if the trial be by a court.'' This precise question was before the court in the case of the Ohio Valley Electric Railway Company v. Lowe, 167 Ky. 132, and it was there held that a plaintiff may dismiss his action without prejudice to a future action at any time before

the cause is finally submitted to the jury or to the court,
if the trial be by the court. See also Northwestern
Mutual Life Insurance Company v. Barbour, 95 Ky. 7;
Schwartz v. C. & O. Ry. Co., 181 Ky. 1.

The rule seems to be well settled that a plaintiff may
dismiss his action without prejudice, to a future ac-
tion at any time before the case is finally submitted to
the jury, or to the court, if the trial be by the court, and
this though the defendant object to the dismissal. At
the time the plaintiff entered this motion to dismiss the
action the defendant, Price, had given notice that he
would, on the third day of the term, enter his motion to
dissolve the injunction and would ask for the case to
be dismissed. The only controversy between the parties
was as to how the action should be dismissed, whether
absolutely or only without prejudice to a future action.
There was no set-off or counter-claim by defendant, and
he did not ask that his answer be treated as a set-off
or counter-claim against the plaintiff, nor indeed could
he have done so in the absence of allegations tending
to support such claim on his part against the plaintiff,
but only asked that the action be dismissed absolutely
instead of without prejudice to a future action. We
know of no rule whereby a court may dismiss an action
absolutely except upon hearing upon its merits, unless
the party plaintiff moves the court to make such order.
In this case the action was filed on March 21st, and on
the first day of the first succeeding term the plaintiff
moved to dismiss the action without prejudice. No
property had been obtained under or by reason of the
processes of the court in the case. It may be that the
tobacco had been wrongfully appropriated by the Tandy
& Farleigh Tobacco Company, but if so, it was not
through, or by, reason of the process of the court,
and if the tobacco was or had been wrongfully appro-
priated by the tobacco company that was an independ-
ent cause of action which the defendant, Price, was en-
titled to institute and maintain against that company
irrespective of the proceedings in the action for specific
performance, unless Price had sought to have relief by
way of counter-claim, which he did not elect to do. A
dismissal without prejudice to a future action would have
afforded Price every relief to which he would have been
entitled had the court dismissed the action absolutely;

hence no right of the defendant Price would have been lost or invaded by the court sustaining the motion of appellant to dismiss the action without prejudice.

The old case of Rogers v. Bradford, 8th Bush, 163, is cited and relied upon. In that case it is held that in an action to recover specific personal property, where the plaintiff has executed the required bond to perform the judgment of the court, ''by returning the property if a return thereof shall be adjudged,'' and where by reason of the order and bond the plaintiff has obtained and withholds the property which is the subject of the action, he may not dismiss his cause to the prejudice of the claimant of the property, because, as is said in that case, ''the defendant's claim for the return of the property taken from him in advance of judgment by an order of the court . . . was of the nature of an action against the plaintiff, and could not be defeated or prejudiced by his refusal or failure to comply with the conditions of the bond.'' That rule has no bearing upon a situation such as we have here, and is easily distinguishable from the principle announced in the Ohio Valley Electric Railway Company v. Lowe, *supra,* and the other cases cited.

It was therefore error of the lower court to overrule the motion of the plaintiff, Tandy & Farleigh Tobacco Company, to dismiss its cause without prejudice to a future action.

Judgment reversed.