## Lowther v. Glenn.

(Decided October 12, 1920.)

### Appeal from Floyd Circuit Court.

1. Dismissal and Non-Suit—Intervening Petitioner.—Civil Code. section 371, permits the plaintiff in an action to dismiss it at any time without prejudice before the final submission of the case to the jury; and while an intervening petitioner claiming an interest in the subject of the action, or a defendant having a counterclaim or set-off cannot be thereby precluded from maintaining a cause of action already set up by such intervening petition, counterclaim or set-off, yet such right of the intervening petitioner or defendant exists only where the intervening petition, counterclaim or set-off has been filed in court while the action was pending and before the plaintiff made his motion to dismiss it.

2. Dismissal and Non-Suit—Intervening Petitioner.—In this case the plaintiff's motion to dismiss the action in the circuit court was properly sustained, although after it was made but before it was acted on, a petition was tendered setting up the alleged ownership by an intervenor of the contract sued on and praying that she be substituted for appellee as plaintiff in the action. And the dismissal of the action being proper, a denial of the intervenor's motion to file the intervening petition was inevitable.

SMITH & COMBS for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action in equity was brought in the Floyd circuit court in the name of E. M. Venable as plaintiff, against the appellee, Lucy M. Glenn, as sole devisee under the will of D. A. Glenn, deceased, seeking the specific performance of a written contract for the sale of certain lands in Floyd county, alleged in the petition to have been made by D. A. Glenn, the then owner, with one Armstrong by whom, and certain named intermediate persons, the contract was, as the petition further alleged, assigned to Venable.

Lucy M. Glenn filed an answer traversing the averments of the petition. Shortly thereafter Venable appeared in court and entered a written motion, supported by his affidavit, to dismiss the action, the affidavit stating that he had no interest in the contract sought to be enforced, that he had just learned of the use of his name as plaintiff in the action and that its use as such plaintiff was unauthorized by him. Instead of then sustaining the motion of Venable to dismiss the action, as it should have done, the court entered an order submitting it. Two days after the entering of Venable's motion to dismiss the action, the appellant, Dora V. Lowther, then a stranger to the record, presented in court and moved for leave to file an intervening petition in the action, in which she asked to be substituted for Venable as plaintiff in the action, claimed to be the beneficiary of the contract sued on and prayed its specific performance. The court thereupon on its own motion entered the follownig order:

"This cause having been submitted on the motion of E. W. Venable to dismiss the petition herein, and upon the motion of Dora V. Lowther to be substituted in lieu of E. W. Venable as plaintiff, the court being advised sustains the motion of E. W. Venable to *withdraw* as plaintiff, and the motion of Dora V. Lowther to file her petition is sustained and she is permitted to be substituted as plaintiff herein, and defendant excepts."

As Venable had not entered a motion to be permitted to withdraw as plaintiff, the court erred in ordering the withdrawal and for the time being leaving his motion to dismiss the action unacted upon, which was properly corrected by the order finally entered. Thereafter the appellee, Lucy M. Glenn, entered a motion to strike from the record the petition of the appellant, Dora V.

Lowther, and to correct the order of the court allowing Venable to withdraw as plaintiff by dismissing the action in accordance with the motion he had made to that effect. Venable and Mrs. Lowther were given due notice of the motion. The court sustained appellee's motion by striking from the record the petition of Mrs. Lowther and dismissing the action. The latter excepted to the judgment thus entered and has appealed.

Civil Code, section 371, permits the plaintiff in an action, to dismiss it at any time without prejudice before the final submission of the case to the jury; and in Northwestern Ins. Co. v. Barbour, 95 Ky. 7, we held (quoting from the syllabus, which is fully sustained by the opinion):

"1.   A plaintiff has the right to dismiss his action without prejudice at any time before the final submission; and while defendant can not be thereby precluded from maintaining any cause of action already pleaded as counterclaim or set-off, yet such right of the defendant exists only where the counterclaim or set-off has been filed in court while the action was pending and before the plaintiff has made a motion to dismiss it.

"In this case plaintiff's motion to dismiss without prejudice was properly sustained, although after it was made, but before it was acted on, the defendant tendered an amended answer and counterclaim. And the dismissal being proper, a denial of the motion to file the amended answer and counterclaim was inevitable.

"2.   A rule of court requiring notice of motions does not apply to a motion by plaintiff to dismiss his action, as the Civil Code makes it imperative upon the court to sustain such a motion."

The rule announced in the case, *supra,* has been approved by us in numerous cases: Ringo, etc. v. Farmers Bank, Trustee, 101 Ky. 91; Roy v. Ellis, etc., 162 Ky. 517; Wilson v. Dupree, 71 S. W. 645.

Civil Code, section 134, does not affect the right of the plaintiff to dismiss his action as was here done, and the order of dismissal as entered by the court must be regarded as relating back to the time of Venable's making the motion to dismiss, which was before the offer of appellant to file her intervening petition, though the latter fact is, as held in N. W. Ins. Co. v. Barbour, *supra,* not material. Manifestly, the enforcement of the rule of practice in question could result in no hardship to

appellant. The right in her to bring in her own name an action for the enforcement of the contract yet remained.

Judgment affirmed.