## Inter-Mountain Coal & Lumber Company v. Harris.

(Decided February 24, 1928.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Where employer filed petition in the circuit court to review compensation award of single member of the Workmen's Compensation Board, under express provision of Civil Code of Practice, sec. 371, subsec. 1, it was entitled to dismissal of its petition, where motion therefor was made before final submission of case.

2. Dismissal and Nonsuit.—Right to dismiss petition absolutely may be exercised at any stage of proceedings before entry of final judgment, provided dismissal does not affect acquired and existing

rights of other parties to cause, which rule prevails as in case of dismissal without prejudice.

3. Master and Servant.—Where, after award of compensation by a single member of the Workmen's Compensation Board under Ky. Stats., sec. 4933, application was made, under section 4934, for a review by the full board, employer's petition to the circuit court to review award of the single member, filed during time application for review was pending, was premature.

SAMPSON & SAMPSON for appellant.

G. J. JARVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and defendant below, Elijah Harris, was an employee of the appellant and plaintiff below, Inter-Mountain Coal & Lumber Company, a corporation, and both of them had accepted the provisions of our statute commonly known as the Workmen's Compensation Act. In the course of his employment one of defendant's hands was wounded by the infliction of a gash in the flesh between the thumb and forefinger. Through an understanding between him and plaintiff, he was paid during the treatment of his wound a total sum of about $125, and he later made application to the Workmen's Compensation Board for an award under the statute. On August 3, 1926, a single member of the board made an award pursuant to the provisions of section 4933 of our present statute, and being section 50 of the act. Within seven days thereafter an application was made by plaintiff, the employer, for a review of that award by the full board, pursuant to the provisions of section 4934 of our present Statutes, and being section 51 of the act. While that application was pending before the board, and before it was acted on, and on August 21, 1926, this petition for a review of the award made by the single member of the board was filed by plaintiff in the Harlan circuit court, and before it was submitted plaintiff moved to dismiss it, which motion the court overruled, and immediately submitted the cause and entered judgment affirming the award made by the single member of the board, and to reverse that judgment plaintiff prosecutes this appeal.

Two grounds are urged for a reversal of the judgment which are: (1) That the court erred in refusing to sustain plaintiff's motion to dismiss its petition, and (2) that, if mistaken in ground (1) then the court

under the evidence (which was that heard before the single member of the board) erroneously affirmed the award; but our conclusions with reference to the first ground render it unnecessary to discuss or determine the second one.

At the beginning it should be stated that the question involved in ground (1) is not to be confused with the one that was involved in the recent case of Workmen's Compensation Board of Kentucky v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789. The question there was the right of the parties to *settle* an award for compensation arising under the statute without the consent of the board, and incidently, their right to dismiss settled any permissible proceeding looking to the enforcement of the provisions of a previously rendered award without the consent and over the protest of the board. Clearly, no such question is involved here, since the petition for review filed in the circuit court was a voluntary step taken by the employer alone, not for the purpose of enforcing a *settlement* of the award made by the single member of the board (either with or without the board's consent), but solely for the purpose of *reviewing* an award that petitioner claimed was erroneous, and which manifestly stands upon the same footing as an appeal in any other case. There was no effort involved in the motion to carry out any *settlement* between the parties of the award to review which the petition was filed.

Section 371 of the Civil Code of Practice deals with the right of a litigant to dismiss his cause of action *without prejudice,* and describes the time within which he may do so, and when the court on its own motion may do so. Subsection 1 of that section states that such dismissal may be had "by the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court." As applicable to jury trials, it was held by us in the case of Vertrees v. N. N. & M. R. R. Co., 95 Ky. 314, 25 S. W. 1, 15 Ky. Law Rep. 680, that "final submission" to the jury within the contemplation of subsection 1, supra, was not made "until all questions of law have been disposed of by the court, instructions and papers pertaining to the case . . . . actually delivered to the jury, and they are authorized, without further interposition or control of the court to proceed to a judicial examination of the issue . . . submitted to them."

In the case of North Western Mut. Life Ins. Co. v. Barbour, 95 Ky. 7, 23 S. W. 584, 15 Ky. Law Rep. 394, it was held that the right of plaintiff to dismiss his cause, under subsection 1 of section 371, supra, at any time before such final submission, was absolute, and that the court had no discretion whatever in the matter. Other cases bearing upon the question and pointing out wherein such right ceases to be absolute are contained in the notes to the section, and our holdings in the Vertrees and Barbour cases, in so far as applicable to the facts, were approved and adopted in the later ones of Ray v. Ellis, 162 Ky. 517, 172 S. W. 951; Ohio Valley Electric R. R. Co. v. Lowe, 167 Ky. 132, 180 S. W. 61; Tandy & Farleigh Tobacco Co. v. Briggance, 181 Ky. 13, 203 S. W. 875, and Doss v. I. C. R. R. Co., 198 Ky. 222, 249 S. W. 346. We have been unable to find any adjudication of this court upon the question as to when a cause is finally submitted to the court so as to disentitle plaintiff to dismiss it without prejudice. However, that question becomes unnecessary here, for the motion to dismiss the petition as well as the court's ruling thereon each occurred before the order of submission, which clearly brought the case within the express provisions of the Civil Code entitling plaintiff to exercise such right.

But it will be noted that the motion made by plaintiff in this case was not one to dismiss the cause *"without prejudice,"* a right with which the Code provisions exclusively relate, or to dismiss it "settled," but rather was it the purpose of plaintiff to *absolutely* dismiss his petition, and which, according to the practice from time immemorial, may be exercised at any stage of the proceedings before entry of final judgment; provided such absolute dismissal (as also prevails as in case of a dismissal without prejudice) does not affect acquired and existing rights of other parties to the cause. It would therefore appear that, inasmuch as the motion was for an absolute dismissal, it was the duty of the court to sustain it, notwithstanding the cause may have been submitted for final adjudication, but which had not been rendered.

Another point is presented by the record, but not argued, and it is: That the petition was prematurely filed. Section 4935, of the Statute, supra, providing for its filing in the circuit court, expressly prescribes that it shall be done "within twenty days after the rendition of such final order or award of the board."

The award of the single member of the board, made under the provisions of section 4933 of the Statute, did not become final until the expiration of seven days thereafter, with no application made in the meantime for a review by the full board. Such application was made in this case within the prescribed time, and it was pending at the time of the filing of the petition for review in the circuit court. No award, therefore, had become final at the time the petition was filed, and, to say the least of it, it was premature, and which itself furnished grounds for its dismissal. From no aspect of the case, therefore, can the order of court overruling the motion to dismiss the petition be sustained.

Wherefore the judgment is reversed, with directions to set it aside and to sustain plaintiff's motion to dismiss the petition.