## Trimble v. Powell County et al.

(Decided February 17, 1931.)

LEEBURN ALLEN for appellant.

A. H. STAMPER and JOHN D. ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirm-ing in part and reversing in part.

On the 27th of December, 1928, the appellant and her husband executed and delivered a deed to the commonwealth of Kentucky, through its state highway commission, acting in its official capacity, conveying to it a certain parcel of land situated in Powell county, a description of which is set out in the petition.

She alleges that she is the owner of a certain tract of land in Powell county, on the waters of Middle fork of Red creek, near the Slade Depot, which certain boundary of land is described in the petition, except the strip she had conveyed to the commonwealth of Kentucky; that defendant wrongfully took possession of another portion of her land, the boundary of which is also given in the petition.

She alleges that the last-described strip of land, is not a part of that which she conveyed to the commonwealth of Kentucky by the deed we have alluded to; that this strip was taken without her consent, and appropriated to public use without compensation, by the authorities of the state highway commission, in its construction of the highway. She alleges that it is being so used as to cause a "break, slip, cave and slide" onto her land, by which she has been damaged $500; that she constructed a store building on her land, and the public highway was so constructed that it interfered with the building of a dwelling house which she intended to construct and use in connection with the store building, and by reason thereof she has been damaged $500.

The appellees demurred to the petition and without waiving their demurrer, filed an answer. A jury was

impaneled, evidence heard, and at the conclusion of the hearing of the evidence in behalf of appellant, the appellees insisted upon their demurrer to the petition, which had never been considered by the court. The record shows that the appellees, after the jury heard the evidence offered by appellant, entered a motion to have the court instruct the jury to find for defendant. Thereupon, the court sustained the demurrer to the petition. The plaintiff declined to plead further. The court ordered the petition dismissed and entered judgment against her for costs. To all of which appellant objected, excepted, and prayed an appeal to the Court of Appeals.

This order was entered on the eighth day of the June term, June 24, 1930. On June 25, 1930, the plaintiff entered a motion and moved the court to set aside the order dismissing her petition and the granting of the appeal to the Court of Appeals, and entered a motion to dismiss the cause without prejudice.

The appellant on this appeal complains: (1) Error of the court in sustaining the demurrer to the petition; (2) error of the court in overruling her motion to set aside the order dismissing the petition, and in refusing on her motion, to dismiss the action without prejudice.

We will first consider the second complaint. Section 371, Civil Code of Practice, authorizes a dismissal by the plaintiff before the final submission of the cause to the jury, or to the court, if the trial be by the court. The order entered by the court sustaining the demurrer, dismissing the petition, and granting the appeal, was a final order. Before final submission to the jury, or to the court, the right of appellant to dismiss his action is absolute and the court has no discretion in the matter. Northwestern Insurance Co. v. Barbour, 95 Ky. 7, 23 S. W. 584, 15 Ky. Law Rep. 394. The trial court after submission may, in its discretion, dismiss without prejudice, but it is too late after final judgment is entered on a subsequent day to the entry of such judgment for the plaintiff to demand his right to a dismissal without prejudice. Ohio Valley Electric Co. v. Lowe, 167 Ky. 132, 180 S. W. 61; Doss v. Illinois Cent. R. R. Co., 198 Ky. 222, 249 S. W. 346.

Under the allegations of appellant's petition, the state highway commission, its employees and contractors, have taken possession of another strip of her land, not included in the boundary described in her deed aforesaid to the commonwealth, without her consent, and

without compensation. In her petition she bases her cause of action on both a breach of a provision in her deed, and a taking of her land without her consent. Under the law as stated in Harlan County v. Cole 218 Ky. 819, 292 S. W. 501, Muhlenberg County v. Ray et al., 215 Ky. 295, 284 S. W. 1074, and other cases, she had a cause of action against the county for so much of her land as was taken for highway purposes, without her consent, and without compensation. To this extent and for the purpose of the recovery of the market value of the lands so taken at the time it was taken, her petition stated a cause of action against the county, and the court erred in sustaining a demurrer thereto as against it. She states no cause of action against the members of the fiscal court.

To so much of her petition as she attempts to seek a recovery on her claim for damages for the alleged "breaking, slipping, caving and sliding" and the interference with the building of the dwelling house which she intends to construct, we do not deem it, under the allegations of the petition in reference thereto, proper to express an opinion, and the question of the sufficiency of the petition in this regard and her right of recovery on account thereof is reserved, without an expression of opinion as to these items.

The judgment is reversed as to the county, and affirmed as to the members of the fiscal court for proceedings consistent with this opinion.