## Davis' Adm'x v. Louisville & N. R. Co.

(Decided Nov. 21, 1933.)

BLAKELY & MURPHY for appellant.

S. D. ROUSE for appellee.

Opinion of the Court by Judge Richardson—Reversing.

This is an action for the death of a railroad employee killed by a cross-tie thrown from a car while it was being unloaded by other employees. This is a second appeal. Louisville & N. R. R. Co. v. Davis' Adm'x, 245 Ky. 79, 51 S. W. (2d) 942. The record before us on the first appeal disclosed that the deceased knew the cross-ties were being unloaded; that just after a tie had been thrown out of the car he attempted to run by the car, and as he ran a tie was thrown from it, striking

him, causing his death. It was our conclusion that in doing this he exposed himself to a known danger, and not only assumed the risk, but his own recklessness was the sole cause of his injury and death. The action was remanded for a new trial. On a return of the case to the circuit court the mandate of this court was filed in open court. The administratrix thereupon entered a motion to set the case for trial. Her motion was overruled, and the court sua sponte entered an order dismissing the petition. She excepted and entered a motion for appeal to this court, which was granted.

The power of the circuit court to dismiss an action or cause of action on its own motion is limited by subsection 2 of section 371, Civil Code of Practice, to the grounds therein stated, neither of which appears in this case. Section 761, Civil Code of Practice prescribes the proceedings that may be taken where the judgment is reversed by this court and remanded for a trial or other proceedings, consistent with the opinion. Subsection 2 thereof explicitly provides that an action "shall stand for trial, or for such other proceedings, in the court whence the appeal was taken at the next succeeding term thereof," provided the mandate of this court be filed in the clerk's office, and the proceedings have been taken as therein provided.

. Under the mandate issued in conformity to our opinion, the circuit court should have submitted the issues to the jury, and if upon a retrial the evidence of plaintiff was in substance the same as that introduced on the first trial, it should give a peremptory instruction to find for the defendant. But if the evidence supported the allegations of the plaintiff's pleadings, according to our first opinion, in this event the issues should be submitted under appropriate instructions. The opinion of this court did not authorize the circuit court summarily to dismiss the petition. Quisenberry v. Chenault, 97 S. W. 803, 30 Ky. Law Rep. 229. The order of dismissal was final, from which the administratrix is entitled to prosecute this appeal. Trimble v. Powell County, 237 Ky. 501, 35 S. W. (2d) 882.

Judgment reversed for proceedings consistent with this and our former opinion.