**CITY OF HAZARD, etc., Appellant,**

**v.**

**Rachael Tye BAKER, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

W. E. Faulkner, City Atty., Harold Garland Wells, Asst. City Atty., Hazard, for appellant.

Bruce Stephens, Jr., Duff Arnett, Hazard, for appellee.

PALMORE, Judge.

The City of Hazard, "acting as Local Public Agency for the City of Hazard Urban Renewal Commission," brought this action under KRS 99.420 to acquire title to two adjoining parcels of real estate owned by the appellee, Rachael Tye Baker. Mrs. Baker's answer did not contest the city's capacity to bring the suit or its right to condemn her property. She demanded specifically that she be awarded the market value of the property and that a jury be empanelled to try that issue.

Pursuant to the procedures set forth in KRS 99.420 the trial court appointed commissioners who thereupon heard evidence on the value of the property sought to be condemned and awarded the sum of $160,000, to which award Mrs. Baker excepted on the ground it was inadequate and the city excepted on the ground it was excessive.

At this stage of the proceeding the trial court called a pretrial conference and directed the parties to show cause why the action should not be dismissed. Following this conference the trial court entered "Findings of Fact and the Law" and, upon its own motion, a judgment dismissing the action as to one of the two parcels described in the complaint. The judgment was made final and appealable as authorized by CR 54.02.

The basis on which the trial court dismissed the action as to the parcel in question is set forth in its findings as follows:

"This action is instituted pursuant to provisions of Chapter 99 of the Kentucky Revised Statute and the Court finds from that chapter of the statute that property to be included in an urban renewal development plan must be a slum area and a blighted area and other facts to be established as set out in KRS 99.370. The Court finds that the building which sets [sic] on Tract No. 1, set out and described in this action, is one of the newest buildings in the city of Hazard and it is of sound construction and, other than a store room, it has five or more apartments where families live and the Court has personal knowledge, outside of the record, that the housing situation in this section is very acute. The Court is of the opinion that the law was never enacted to tear down and destroy such buildings as is situated on Tract No. 1 in this law suit.

"The Court is of the opinion further that this proceeding is unconstitutional in that it is an apparent attempt to take property which would effect [sic] not only the defendant, but the public generally in the community, without due process of law and in violation of the United States Constitution."

At the pretrial conference, counsel for Mrs. Baker conceded that the city has "a legal right to take the property * * * we didn't raise this issue, it was raised by the Court * * * We did not intend, by any pleading, to raise this issue at all. As a matter of fact, we had had a conversation with the City as to agreeing about an interlocutory order. She has a lot of merchandise and I was trying to get the City to give her about six months to dispose of a lot of her merchandise, heavy stoves, television sets and so forth, and I think it would be to the worst interest of her for the Court to dismiss the case."

The city appeals and has submitted its brief in support of a reversal. Mrs. Baker has filed a statement that she will not file a brief but stands on the position taken by her in the trial court and places no merit in the issues raised by the trial court.

■ It could hardly be maintained that the circuit court did not have jurisdiction of the subject matter and the parties in this proceeding. Mrs. Baker, the defendant, was the only party with standing to contest the city's right to condemn, and she chose and still chooses not to do so. The trial judge was not and is not a party to the litigation. KRS 99.370 and 99.390 prescribe the appropriate avenue for contesting the location and establishment of an urban renewal project.

■ Section 371, subd. 2 of the Code of Civil Practice provided four grounds for dismissal of an action on motion of the trial court. The power of the court to effect such a dismissal was limited to those statutory grounds. Davis' Adm'x v. Louisville & N. R. Co., 251 Ky. 398, 65 S.W.2d 90 (1933). The Rules of Civil Procedure adopted in 1953 do not provide for a dismissal on the court's own motion. See CR 41. Nor do the statutes. Nevertheless, the absence of specific authorization in the Civil Rules does not mean that a trial court is left without its inherent power and discretion to dismiss sua sponte when a plaintiff unreasonably fails or refuses to prosecute his claim, or under other appropriate circumstances when it is necessary to an orderly disposition of the cases pending before it. Cf. Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). We are of the opinion, however, that this record does not present such a case.

Since the landowner chooses not to challenge the city's right to take, she waives the defense and the case should proceed to trial on the question of the amount of compensation.

 

The judgment is reversed with directions for further proceedings in accordance with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, and STEINFELD, JJ., concur.