## MULLEN v. PECK.

1. **Action: DISMISSAL OF: WHEN ALLOWED.** A cause is not finally submitted to the jury until they are directed to enter upon the consideration of the case, and where a party offered to dismiss his case before the jury were instructed, but after the court had indicated what the instruction would be, the offer should have been allowed and the cause dismissed.

*Appeal from Buchanan Circuit Court.*

THURSDAY, DECEMBER 15.

ACTION upon a written contract. Trial by jury, verdict, and judgment for defendant. The plaintiff appeals.

*E. S. Gaylord* and *D. W. Bruckart*, for appellant.

*Lake & Hannon*, for appellee.

SEEVERS, J.—After counsel for the defendant began his argument to the jury the court directed the jury to withdraw, and

**1. ACTION: dismissal of: when allowed.** upon its own motion heard counsel on both sides upon the question whether there was any matter to be submitted to the jury, and upon the conclusion thereof indicated the jury would be instructed to find for the defendant. Thereupon the jury were called back and the court proceeded to draw the instructions. Whereupon counsel for the

plaintiff asked leave to file an amendment to the petition, and time to prepare the. same was given. The amendment was prepared and presented, but leave to file the same was refused. Thereupon the plaintiff asked "leave to withdraw her case," to which the defendant objected, and the same was refused, and the court instructed the jury to find for the defendant.

The statute provides: "An action may be dismissed, and such dismissal shall be without prejudice to a future action." "By the plaintiff before the final submission of the case to the jury * * " Code, section 2844. In *Hanis v. Beam*, 46 Iowa, 118, it was held a cause was not finally submitted to the jury until they had been directed to enter upon the consideration of the case. In the present case the plaintiff offered to dismiss before the jury had been instructed. No matter if the court had indicated what the instructions would be, for it is possible the court might change its mind and the plaintiff had the right to take his chances in that respect. What the instructions would be could only be known after they were read to the jury.

REVERSED.