Mitchell v. Friedley *et al.*

Filed Nov. 11, 1890.

No. 14,671.

126 545
129 418
126 545
134 321

MITCHELL v. FRIEDLEY ET AL.

PROMISSORY NOTE.—*Action on.—Pleading.—Answer.—Compromise.*—In an action on a note an answer alleging a compromise, settlement or adjustment of the note in suit with an agent of the plaintiff's, without stating the terms of the compromise or the nature of the settlement or adjustment, is demurrable.

SAME.—*Settlement.*—In an action on a note an answer alleging a settlement with a former owner of the note, without stating the facts constituting the alleged settlement, or that the settlement was made before the defendant received notice of the assignment of the note to the holders, is bad.

SAME.—*Set-Off.*—Where a note is owned jointly by several persons, the maker can not set off against it a debt due from one of the owners.

PRACTICE.—*Venire de Novo.*—A writ of *venire de novo* will be awarded against the court's finding only for imperfection in form.

SAME.—*Trial by Court.—Withdrawal of Finding.*—Where the court first announced a general finding, but when reminded that a special finding had been requested, withdrew the general finding, and announced that a special finding would be returned, and afterwards made a special finding, such action was not error.

SAME.—*Dismissal of Cross-Complaint.*—But in such case it was error for the court to overrule the appellant's motion to dismiss his cross-complaint,

made after the general finding was withdrawn but before the special finding was prepared. Section 333, R. S. 1881.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

*J. W. Buskirk, J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellees.

BERKSHIRE, J.—This action rests upon a promissory note held by the appellees against the appellant.

The appellant filed several paragraphs of answer.

Demurrers were sustained to the third and fourth paragraphs, and proper exceptions reserved.

Replies were filed to all of the other paragraphs except the general denial.

The appellant likewise filed a cross-complaint, upon which issue was joined.

The cause was submitted to the court for trial, and at the proper time a request was made by the appellant for a special finding.

After the conclusion of the trial the court returned its special finding, and the conclusions of law being adverse to the appellant, he reserved exceptions thereto, and filed his written motion for a *venire de novo.*

The court overruled this motion, and the appellant saved an exception, and thereupon judgment was rendered by the court for the appellees in the main action and in the cross-action as well. At the proper time the appellant filed his written motion for a new trial, which was overruled by the court, and an exception noted in the record.

The errors assigned bring in question the rulings of the court in sustaining the demurrers to the third and fourth paragraphs of answer, in overruling the motion for a *venire de novo,* in overruling the motion for a new trial, and the propriety of the court's conclusions of law upon the facts found.

The third paragraph of answer alleges that before the

commencement of this action the appellant compromised, settled and adjusted the note in suit with one Robert Kelley, the duly authorized and acting agent of the appellees in that behalf.

It is sufficient to say that this paragraph of answer is infirm, for the reason that it alleges conclusions, and not facts.

If there was a compromise of the liability that existed upon the note, what were its terms and conditions? What was there to rest a compromise upon?

If there was a settlement, in what way was the indebtedness represented by the note settled? Was it paid, or was there an accord and satisfaction; and if adjusted, what was the nature of the transaction?

If the facts had been stated the court might, or might not, have been of the opinion that there had been a valid and binding compromise, settlement or adjustment.

The fourth paragraph alleges that the money represented by the said note was not the money of Emily Kelley, who is named as payee, but was the money of one Robert Kelley, with whom the transaction took place which terminated in the execution of the note; that the same was executed to said Robert Kelley in the name of Emily Kelley, and that long before the bringing of this suit the appellant settled the same with the said Robert Kelley.

The theory of this paragraph of answer is not that the appellees were not the legal holders of the note when they instituted the suit, for the complaint alleges, and the answer does not seek to avoid the averment, that the said Robert Kelley assigned all of his interest in the note to them on the 9th day of December, 1886.

The answer to be sufficient should contain a statement of the facts constituting the alleged settlement, and should aver, also, that the settlement was prior to the time at which the appellant received notice of the assignment of the note to the appellees.

There may be other infirmities in the answer, but those to

which we have called attention are sufficient to justify the ruling of the court in sustaining the demurrer thereto.

The court committed no error in overruling the motion for a *venire de novo.* The special finding was in proper form, and for no other reason than imperfection in form will the writ of *venire de novo* be awarded against the court's finding.

We find no error in the conclusions of law announced by the court in its special finding.

The facts found support the conclusions of law as stated.

We come lastly to the ruling of the court upon the motion for a new trial.

We have considered the evidence, and are unable to say that it does not support the finding of the court in view of the rule so often announced by this court.

The damages assessed are not excessive. The appellant was not entitled to set off an indebtedness due him from Robert Kelley alone against his debt due to the appellees and said Kelley jointly.

Until the death of Emily Kelley, the payee of the note, the right of set-off claimed did not exist; and upon her decease the indebtedness which the note of the appellant represented vested jointly in the said Robert Kelley and the appellees, hence there was no such mutuality as must exist when the right of set-off prevails.

The law, as applicable to the question here involved, is so well settled as not to require a citation of authorities in support of our conclusion, and especially is this true in view of the fact that appellant's counsel cite no authority to support their contention to the contrary.

The judge from the bench first announced a general finding in the cause, but when reminded that a special finding had been requested, recalled the request, and the general finding announced was withdrawn, and the announcement made that a special finding would be returned. Afterwards, as already indicated in the former part of this opinion, a special finding in due form was made and filed. In this ac-

tion of the court there was no error, but an avoidance of error. The court having been requested to make a special finding it became its duty to comply with the request, and a refusal so to do would have been error.

After the general finding had been withdrawn, as already stated, but before the special finding had been prepared, the appellant moved the court to allow him to dismiss his cross-complaint; the court overruled this motion of the appellant and he properly reserved an exception. This ruling of the court is assigned as one of the causes for a new trial.

We are of the opinion that the ruling of the court was erroneous.

Section 333, R. S. 1881, so far as we need quote it, reads as follows:

"An action may be dismissed without prejudice—*First.* By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced."

It is hardly necessary to state that this section applies to a cross-complainant the same as to a plaintiff.

In this case there was but one finding made by the court, and that is the special finding which is found in the record, and when we look to this finding the appellant's motion to dismiss was clearly within the statute quoted above.

It may be contended that the appellant learned the mind of the judge presiding by the announcement of the general finding, but this was no fault of the appellant. He had the right to suppose that the court would make the proper finding, and could not be prejudiced by any unauthorized announcement made by the judge as to the conclusion to which he had arrived as to what the finding of the court should be. What the judge did when he undertook to announce a general finding was no more authoritative under the circumstances than if he had called the attorneys to the bench, and made known what his finding would be. But again: the general finding announced by the court was not conclusive

as to the conclusion the court would reach when it came to find the facts specially.

We can not say, as a matter of law, that the appellant was informed, when he made his motion for leave to dismiss his complaint, that the court's finding would be adverse to him, and in favor of the appellees.

But further: when the general finding was withdrawn the case was still in the breast of the court as if no general finding had been announced, and the court was free to determine it, the same as any other case tried by the court.

The rights of the parties, as to all subsequent proceedings which might follow the finding of the court, depended upon the special finding of the court, and the general finding which the judge announced could have no controlling influence in the case for any purpose whatever.

The following cases, heretofore decided by this court, while not exactly in point, support our conclusion : *Cohn* v. *Rumely*, 74 Ind. 120 ; *Burns* v. *Reigelsberger*, 70 Ind. 522.

For the error indicated that part of the judgment resting upon the cross-action is reversed, with directions to the court below to sustain the motion of the appellant to dismiss his cross-complaint, and it is ordered that the cross-complaint be dismissed.

The judgment, so far as it rests upon the issues in the main action, and for costs, is affirmed; and it is ordered that one-half of the costs of this appeal be paid by the appellant, and the remaining one-half by the appellees.

Filed Jan. 16, 1891.