CASE 53—PETITION ORDINARY—FEBRUARY 13.

# Vertrees' Adm'r v. Newport News, &c., Co.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. RIGHT OF PLAINTIFF TO DISMISS WITHOUT PREJUDICE—After the court has sustained a motion by defendant for a peremptory instruction to the jury, but before such an instruction has been given, the plaintiff has a right to dismiss his action without prejudice, as there has been at that time no "final submission" of the case to the jury, within the meaning of subsection 1 of section 371 of the Civil Code.

2. RAILROADS—DUTY TO TRESPASSERS.—Where a boy ten years of age, in attempting to get upon a slowly moving engine in the private yard of a railroad company, fell upon the track, and being run over, was killed, the boy being a trespasser, the servants of the company were not required to anticipate his presence, and there being nothing to show that the engineer discovered his peril in time to avoid running the engine over him, the company is not responsible for his death.

H. T. KENDALL FOR APPELLANT.

1. At the time of plaintiff's motion to dismiss without prejudice there had not been a final submission of the case within the meaning of subsection 1 of section 371 of the Civil Code, and the court erred in overruling the motion.

2  Citations on the subject of peremptory instructions:  Reed v. Bragg, 5 J. J. M., 620; Merritt v. Pollus, 16 B. M., 356; Jarman v. Howard, 3 Mar., 384; McPherson v. Hickmans, 1 Mon., 170; Rowland v. Hanna, 2 B. M., 129; Easely v. Easely, 18 B. M., 93; Trotter v. Sanders, 7 J. J. M., 321; Slaughter v. Morgan, 1 Met., 29; Stephens v. Brooks, 2 Bush, 138; Fightmaster v. Beasley, 7 J. J. M., 411.

3. Citations on the subject of willful negligence:  L. & P. Canal Co. v. Murphy, 9 Bush, 525; Lexington v. Lewis, 10 Bush, 679; Louisville, &c., R. Co. v. Case, 9 Bush, 735; Lou. & Nash. R. Co. v. Collins, 2 Duv., 116; Lou. & Nash. R. Co. v. Sickings, 5 Bush, 4; L. & N. R. Co. v. Filburn, 6 Bush, 575; Louisville, &c., R. Co. v. Mahoney, 7 Bush, 239; P. & M. R. Co. v. Hoehl, 12 Bush, 43; Jacob v. Lou. & Nash. R. Co., 10 Bush, 267.

W. S. CHELF and P. H. DARBY for appellee.

1. The peremptory instruction was proper.  There was not a scintilla of evidence to show negligence on the part of any of defendant's servants.

2. Plaintiff's motion to dismiss without prejudice came too late.  (Civil Code, sec. 371, subsec. 1;  Begley v. Duff, 7 Ky. Law Rep., 376.)

JUDGE LEWIS delivered the opinion of the court.

On trial of this action by a personal representative to recover damages for destruction of life by alleged willful neglect, the following proceeding occurred at conclusion of plaintiff's evidence:  "Defendant moved the court to instruct the jury peremptorily to find for defendant, which motion was fully heard by the court and sustained, to which the plaintiff excepted.  And then moved the court to allow plaintiff to dismiss his cause of action without prejudice to a future trial, which motion was overruled. And the jury was instructed to find for defendant, to which plaintiff objected and excepted at the time."  Thereupon a verdict was, in pursuance of the instruction, rendered for defendant, followed by judgment, from which plaintiff prosecutes this appeal.  The first question naturally arising in this case is, whether the court properly sustained defendant's motion for a peremptory instruction.  For, if not, the judgment will have to be reversed

for new trial of the present action if demanded by plaintiff, irrespective of the question of his right to dismiss the action without prejudice.

Plaintiff's intestate was a boy about ten years of age, and was killed in the following manner : The engineer had just made what is called a running switch, whereby two freight cars were detached from the train and placed upon a side track. And the engine and tender were moving back slowly upon the main track to reach other cars of the train that had been left upon the main track beyond junction with the side track, when deceased, of his accord, ran from the depot, passing across a pond of water frozen over, to the locomotive and tender, and passing around the latter, attempted to get upon break-beam of the engine, but slipped or made a misstep, and falling upon the track and being run on was killed.

The place was within the private yard of defendant, where deceased had no right to go, and defendant's servants were not required to anticipate or look out for his presence. So, deceased being at the time a trespasser, and his conduct, under the circumstances, extremely incautious and reckless, there would be no ground whatever for holding defendant responsible for his death, unless it be made to appear that the engineer discovered his peril in time to avoid running the engine and tender on him. But there is no evidence before us tending to establish that fact, or negligence of any kind or degree on part of those in charge of the engine and tender. Consequently, as the record now stands, the lower court was in our opinion bound to give the peremptory instruction. Whether it was error to overrule plaintiff's motion to dismiss the action without prejudice, notwithstanding failure to make

out his cause of action, depends upon meaning of sub-
section 1, section 371, Civil Code, which provides that an
action, or any cause of action, may be dismissed, without
prejudice to a future action, "by the plaintiff before final
submission of the case to the jury, or to the court, if the
trial be by the court."

This was a right that existed at common law, and it
would, in many cases, be extremely oppressive and preju-
dicial to deny it.   And it does not seem to us at all diffi-
cult to determine what is meant by the words, "before the
final submission of the case to the jury," as used in the
section referred to.

The Civil Code provides for and makes a distinction
between a trial by a jury and trial by the court of an
action ordinary, the latter being permitted by consent of
parties to try an action even sounding in damages.   But
as defined by section 311, " A trial is a judicial examina-
tion of the issue of law or of fact in an action or pro-
ceeding."   The issue in this case was one of fact, to be
judicially examined and determined by the jury, under
instructions by the court, in regard to the law applicable.
Now the bill of exceptions, which we have quoted, shows
that, although the court had sustained plaintiff's motion
for the peremptory instruction, there had not been any
submission of the case, final or otherwise, to the jury be-
fore plaintiff moved to dismiss the case, for it is stated
that the jury was not actually instructed to find for defend-
ant until after the motion of plaintiff to dismiss was made.
Strictly and properly there can be no *final* submission of
a case to the jury until all questions of law have been
disposed of by the court, instructions and papers pertain-
ing to the case have been actually delivered to the jury,

and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them.

In our opinion plaintiff had the right to dismiss his action without prejudice at the time he made the motion, and the court erred in overruling it.

Wherefore, the judgment is reversed and cause remanded, that the motion may be sustained.