## VAN SANT, ADMINISTRATOR v. WENTWORTH.

[No. 8,541.  Filed May 25, 1915.  Rehearing denied December 17, 1915.  Transfer denied January 27, 1916.]

1. APPEAL.—*Review.*—*Intervening Errors.*—Intervening errors, if any, need not be considered where a correct result has been attained in the trial court. p. 592.

2. TRIAL.—*Directing Verdict.*—*Announcement of Intention.*—*Right to Dismiss Action.*—Under §338 Burns 1914, §333 R. S. 1881, providing that an action may be dismissed without prejudice before the jury retires, or, if tried by the court, at any time before the finding of the court is announced, the plaintiff is entitled to a dismissal without prejudice on his motion made after the court has announced its intention to give a peremptory instruction for defendant and before the instruction is actually given. p. 592.

3. TRIAL.—*Directing Verdict.*—*Province of Jury.*—Where the court directs a verdict it is not within the province of the jury to deliberate and determine what verdict shall be returned. p. 592.

From Vigo Circuit Court; *George A. Scott*, Special Judge.

Action by Mollie Wentworth against Richard H. Van Sant, administrator of the estate of Samuel H. Van Sant, deceased. From a judgment of dismissal, the defendant appeals. *Affirmed.*

*William P. Evans* and *Bert Beasley*, for appellant.
*Charles L. Fleshman* and *S. P. Douglas*, for appellee.

CALDWELL, P. J.—This was an action brought by the appellee to establish a claim against the estate of appellant's decedent.  At the close of the evidence the appellant moved the court for a peremptory instruction in his behalf.  In the absence of the jury the court heard argument respecting the giving of the instruction, and at the close of the argument indicated its determination in the following language: "The court announces its decision, which is that it will give instruction No. 1 to the jury, directing the jury to return a verdict for the defendant herein."

The jury was recalled, but before such instruction was in fact read or given to the jury, appellee moved the court to dismiss the cause without prejudice, which motion the court overruled. The court thereupon instructed the jury to return a verdict in favor of appellant, in obedience to which, the jury returned the following verdict: "We, the jury, find for the defendant, Richard H. Van Sant, administrator of the estate of Samuel H. Van Sant, deceased." Appellant thereupon moved the court for judgment on the verdict. Afterwards at the same term of court, appellee filed the following motion: "Plaintiff moves the court to set aside the verdict of the jury in the above entitled cause, and to sustain the motion of the plaintiff hereinbefore made to dismiss her cause of action herein." The court thereupon sustained such motion, and set aside the verdict, and entered judgment dismissing the cause without prejudice, pursuant to appellee's motion theretofore filed to that end.

The question is property presented as to whether the court erred in sustaining the motion to set aside the verdict, and also in sustaining the motion to dismiss the cause. If the motion to dismiss should have been sustained in the first instance, then a correct result was reached eventually, and the question of the intermediate proceedings becomes unimportant. §§407, 700 Burns 1914, §§398, 658 R. S. 1881. We, therefore, proceed to determine whether appellee should have been permitted to dismiss the cause when she first moved to that effect. The statute that controls is as follows: "An action may be dismissed without prejudice * * * by the plaintiff, before the jury retires; or when the trial is by the court, at any time before the finding of the

court is announced." §338 Burns 1914, 333 R. S. 1881. Where the court directs a verdict, it is not within the province of the jury to deliberate and determine what verdict shall be returned. In such case, its power is circumscribed by the court's direction. *McClaren* v. *Indianapolis, etc., R. Co.* (1882), 83 Ind. 319. Wherefore, appellant argues that the court having made the announcement as indicated, respecting the giving of a peremptory instruction, the trial in effect thereupon became a trial by the court rendering applicable the last clause of the statute above set out. Appellant's contention is supported by *Adams* v. *St. Louis, etc., R. Co.* (1911), 137 S. W. (Tex. Civ. App.) 437, the court there saying: "where a motion is made for an instructed verdict, as in this case, and the court decides that such motion should be sustained, the question of when the plaintiff can take a nonsuit must be determined by the provisions of the statute governing a case being tried before the court without a jury." We shall, therefore, first consider this case from that standpoint. Appellant argues that the court's language was sufficient to inform appellee respecting the fate that awaited her cause, and that to permit a dismissal without prejudice under such circumstances with the consequent right to refile, would be grossly inequitable; that thereby an unwarranted advantage would be extended to appellee, in that an opportunity would be afforded to retry the cause, after it had in fact been lost. Hence, the contention is that the court's language should be construed as an announcement of the finding within the meaning of the statute. Notwithstanding the apparent plausibility of the argument, the question of whether the court did announce a finding must be determined from a consideration of the

statute, the scope of which we proceed to ascertain in the light of the decided cases.

In *Crafton* v. *Mitchell* (1893), 134 Ind. 320, 33 N. E. 1032, two causes were identical, except as to parties and lands involved, and were tried together. The court having read the special finding and conclusions of law in one of the cases, announced that the finding and conclusions in the other case had not been prepared, but that they would be identical with those read, except as to parties and lands described. Held, that the court did not thereby announce the finding in such other cause, within the meaning of the statute, and that there was no error in sustaining plaintiff's motion to dismiss such cause thereupon interposed. In *Mitchell* v. *Friedly* (1891), 126 Ind. 545, 26 N. E. 391, there was a like holding, where the court having announced a general finding, recalled it on the suggestion that a special finding had been requested, the court saying in substance, that the general finding so announced was not binding on the court, and "was no more authoritative under the circumstances, than if he had called the attorneys to the bench and made known what his finding would be"; that it could not be said as matter of law that appellant was informed when he made the motion to dismiss that the court's finding would be adverse to him. See, also, *Cohn* v. *Rumely* (1881), 74 Ind. 120; *Burns* v. *Reigelsberger* (1880), 70 Ind. 522; *Beard* v. *Becker* (1880), 69 Ind. 498; *Louisville, etc., R. Co.* v. *Wylie* (1890), 1 Ind. App. 136, 27 N. E. 122; *Halstead* v. *Sigler* (1905), 35 Ind. App. 419, 74 N. E. 357; *Moore-Mansfield, etc., Co.* v. *Marion, etc., Traction Co.* (1913), 52 Ind. App. 548, 555, 101 N. E. 15.

Assuming, for purposes of the discussion, the soundness of appellant's position that the question here must be determined from a consideration of

Van Sant *v.* Wentworth—60 Ind. App. 591.

the statutory provision relating to dismissals where
the trial is by the court, and under the foregoing
authorities this cause should be affirmed. Although
the court has hinted or intimated or made a pre-
liminary statement respecting what the finding will
be, but has not in fact announced the finding, a
plaintiff may avail himself of the statute and dis-
miss without prejudice. *Adams* v. *St. Louis, etc.,
R. Co., supra,* seems to be in point. In that case,
defendant moved the court to direct the verdict.
After argument, the court announced that the mo-
tion would be sustained, and so informed the plain-
tiff's attorney, who thereupon moved for a non-
suit, but was overruled on the ground that the mo-
tion came too late. The statute applicable provided
that a nonsuit might be taken at any time before
the jury retired or when the trial was by the
court "any time before the decision is announced."
The Supreme Court on appeal applied the latter
provision of the statute, and in the original opinion
sustained the trial court. On petition for a rehear-
ing, however, the decision was otherwise, the court
saying: "After more mature reflection, we have
concluded that the mere announcement by the trial
judge of what his decision will be, although provoked
by inquiry of counsel, is not such an announcement
of his decision as is contemplated by the statute,
which declares that when the case is tried by the
judge a nonsuit may be taken at any time before the
decision is announced." However, as a general
rule, the courts in cases where a motion is made to
direct a verdict and the court announces a purpose
to give a peremptory instruction to that effect, ap-
ply the provision of the statute relating to dismis-
sal without prejudice where the trial is by jury.
In such case it would seem that where such an an-
nouncement is made, and the plaintiff thereupon

moves to dismiss, he is within the statute as the motion is made before the jury has retired, and so it seems, the courts hold. The provision respecting the jury retiring evidently has reference to the time or situation wherein the jury has retired for the purpose of returning a verdict after the cause has been finally submitted to it. Thus, in *Gassman* v. *Jarvis* (1899), 94 Fed. 603, decided under §338, *supra*, and under circumstances practically identical with those presented here, the court said: "A careful examination of the authorities has convinced me that the announcement by the court of its intention to give a binding instruction to the jury to find for the defendant was not such a submission of the case as to bar the plaintiff's right to dismiss before the jury had retired." In *Mullen* v. *Peck* (1881), 57 Iowa 430, 10 N. W. 829, the circumstances also were similar to those here. The statute applicable provided that the plaintiff might dismiss without prejudice, "before the final submission of the case to the jury." The trial court denied plaintiff's motion to dismiss made after the court had indicated its purpose to give a peremptory instruction for defendant. The supreme court of Iowa, in reversing the trial court, used this language: "In the present case the plaintiff offered to dismiss before the jury had been instructed. No matter if the court had indicated what the instructions would be, for it is possible the court might change its mind and the plaintiff had the right to take his chances in that respect. What the instructions would be could only be known after they were read to the jury." In *Vertrees' Admr.* v. *Newport News, etc., Co.* (1894), 95 Ky. 314, 25 S. W. 1, the following language is used: "although the court had sustained plaintiff's motion for the peremptory instruction, there had not been any submission of the case,

final or otherwise, to the jury before plaintiff moved to dismiss the case, for it is stated that the jury was not actually instructed to find for defendant until after the motion of plaintiff to dismiss was made." In that case, the lower court was reversed for denying plaintiff's motion to dismiss, the statute providing that plaintiff might dismiss his cause without prejudice before final submission of the case to the jury, or to the court, if the trial be by the court. See, also, *Beals* v. *Western Union Tel. Co.* (1898), 53 Neb. 601, 74 N. W. 54; *New Hampshire Banking Co.* v. *Ball* (1897), 57 Kan. 812, 48 Pac. 137; *Somerville* v. *Johnson* (1891), 3 Wash. 140, 28 Pac. 373; note to *Van Wagenen* v. *Chladek* (1911), Ann. Cas. 1913 D 523; note to *Bee Bldg. Co.* v. *Dalton* (1903), 4 Ann. Cas. 508, 510; 14 Cyc 401, *et seq.* Judgment affirmed.

NOTE.—Reported in 108 N. E. 975. As to what constitutes final submission of cause so as to preclude voluntary dismissal, see 4 Ann. Cas. 510. See, also, under (1) 3 Cyc 223; (2) 38 Cyc 1588, 1589; (3) 38 Cyc 1589.