MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION v.
TILLEY.

Opinion delivered October 3, 1927.

DISMISSAL AND NONSUIT—FINAL SUBMISSION.—Plaintiff was entitled to a nonsuit and dismissal without prejudice, where he requested it after the court had indicated that he believed that plaintiff's evidence was insufficient but before argument of the case, since there was no final submission of the case within Crawford & Moses' Dig., § 1261, providing that action may be dismissed without prejudice before final submission of the case.

Appeal from Conway Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

*Strait & Strait*, for appellant.

*Edward Gordon*, for appellee.

WOOD, J. The plaintiff below, appellee here, instituted this action in the chancery court against the defendant below, appellant here, on a policy insuring James Richard Holder against death by accident in the sum of $1,000. The appellee alleged that the assured was murdered by his wife, the beneficiary named in the policy; that she thereby forfeited her claim to the insurance, and that the appellant was holding the same in trust

for the estate of the deceased, which the appellee, as administrator, was entitled to recover on behalf of the estate of the deceased, James Richard Holder. The appellee alleged compliance with the terms of the contract on the part of the assured before his death and a compliance with the terms of the contract on the part of the appellee since the death of the assured, in order to entitle appellee to recovery. The prayer was for the amount of the policy, and the statutory penalty, and a reasonable attorney's fee.

The appellant answered, admitting the issuance of the policy as alleged in the complaint, but denied its other allegations, and set up that appellee was barred by judgment that had been recovered by the beneficiary in the policy at a former term of the circuit court, and pleaded such judgment as *res judicata*. Testimony by deposition on behalf of the appellee was taken in this cause. On the 29th day of June, 1926, the same being a day of the June term, a hearing was had upon the pleadings and proof adduced. At the close of the testimony the court indicated to the attorney for the appellee that the proof was not sufficient to justify a recovery, and thereupon the attorney for the appellee asked leave to take a nonsuit, which leave the court granted, and dismissed the action without prejudice. Thereafter, on the 26th day of October, 1926, the same being a day of an adjourned term of the chancery court, the appellant filed the following motion:

"On the 29th day of June, 1926, which date was a day when the present term of this court was in session, the above cause was submitted and tried in this court, and at the termination of said trial, this court announced that its findings and decree would be against the plaintiff and for the defendant upon the merits of this cause, and that upon said findings this defendant was entitled to have decree entered; that thereupon the plaintiff, after the submission and trial of said cause, and after the depositions of witnesses had been introduced and read in said trial, and after the court announced what its decision and

decree would be, asked permission to take a nonsuit in said cause, which said permission was granted, and a nonsuit and dismissal without prejudice was thereupon entered in this cause. That said plaintiff had no right to take a nonsuit at said time; that this court was without authority to grant same, and that this defendant was entitled to have the decree in its behalf upon the merits rendered and entered of record. Wherefore it prays that said nonsuit and dismissal be set aside and that the decree be rendered in this cause upon the merits in behalf of the defendants."

The court heard the motion upon the facts as above set forth, and, after argument of counsel, found as follows:

"That, at the time the plaintiff entered a nonsuit, the cause came on to be heard; that, after reading the testimony and before the argument of counsel, the court indicated to the attorney for plaintiff that he did not think his proof was sufficient. Whereupon the attorney for plaintiff asked leave to take a nonsuit, and dismissed the cause without prejudice, which was at the time by the court granted, and the court finds from the foregoing facts that plaintiff moved for nonsuit before the final submission of the case." The court thereupon entered a decree dismissing the motion of appellant, without prejudice, from which decree is this appeal.

Section 1261 of C. & M. Digest reads in part as follows: "An action may be dismissed without prejudice to a future action: First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court." Then follow other subdivisions, not necessary to set forth, and the section concludes as follows: "In all other cases, upon the trial of the action, the decision must be upon the merits."

Under the facts above set forth the chancery court found that the "the plaintiff moved for a nonsuit before the final submission of the case." The finding of the chancery court was correct. Such being the case, the above statute in plain terms authorized the court to dis-

miss the action without prejudice to a future action. *Carpenter* v. *Dressler*, 76 Ark. 400, 89 S. W. 89, was a case at law. The evidence had been adduced and the cause submitted to the court for hearing. The argument had begun, but, before it was concluded, the plaintiff asked and was denied permission to take a nonsuit. This court, in passing upon the ruling of the trial court, at page 403 of the opinion, said: "A case is not finally submitted until the argument is closed, and a plaintiff has a statutory right to nonsuit until final submission."

The above ruling governs this case. The provision of our law under review is a part of the Civil Code which was modeled after the Civil Code of Kentucky. In *Vetrees* v. *Newport News, etc., Company*, 95 Ky. 314, 25 S. W. 1, the Supreme Court of Kentucky, passing upon the similar provision of its Civil Code, among other things said:

"Now, the bill of exceptions, which we have quoted, shows that, although the court had sustained plaintiff's motion for the peremptory instruction, there had not been any submission of the case, final or otherwise, to the jury before plaintiff moved to dismiss the case, for it is stated that the jury was not actually instructed to find for defendant until after the motion of plaintiff to dismiss was made. Strictly and properly there can be no final submission of a case to the jury until all questions of law have been disposed of by the court, instructions and papers pertaining to the case have been actually delivered to the jury, and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them."

Now, while the above rule of our own court and of the Supreme Court of Kentucky in construing the statute was announced in law cases, the same rule applies where the case is tried by the court, either at law or by the chancery court, before the case is submitted to the court or jury for final determination. Here, notwithstanding the court had indicated to the counsel for the plaintiff that

the court did not think the proof sufficient to justify a recovery, counsel for plaintiff still had the right to ask permission to argue his client's cause before the court; and there is nothing in the record to show that the court, if asked, would have denied him this right and privilege. If counsel had availed himself of this right and privilege, he might have been able to convince the court that its view of the testimony before hearing the argument of counsel was erroneous and thus induced the court to find in favor of his client. Instead of taking this course, counsel for plaintiff elected to take a nonsuit, which he had the right to do. In cases at law, under a similar statute, it is held that a case is not finally submitted to the jury when the last word of a charge is read, and not until the jury are directed to retire and to enter upon a consideration of their verdict. See *Bean* v. *Harris,* 46 Iowa 118; *Morrisy* v. *Chicago, etc., Ry. Co.,* 80 Ia. 314, 45 N. W. 545; *Mullen* v. *Peck,* 57 Ia. 430, 10 N. W. 829; *Oppenheimer* v. *Elmore,* 109 Ia. 196, 80 N. W. 307; *Gassman* v. *Jarvis,* 94 Fed. 603; *Chicago, etc., Ry. Co.* v. *Metalstaff,* 101 Fed. 769.

The decree is therefore correct, and it is affirmed.