## STATE OF INDIANA *v.* BRIDGES

[No. 17,381. Filed January 18, 1946. Rehearing Denied February 7, 1946. Transfer Denied March 19, 1946.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellant.

*Hughes & Hughes,* of Greencastle, and *L. Russell Newgent,* of Indianapolis, for appellees.

BOWEN, J.—This is an action brought by appellant against appellees for specific performance of an alleged oral agreement for the conveyance of certain real estate in Putnam County, Indiana. The complaint was in two paragraphs, alleging in substance that the appellees had made an agreement to convey to the appellant a certain farm known as the "Bridges farm," consisting of approximately 390 acres; that all of the conditions of the agreement on its part to be performed had been performed by the appellant; that a certain 23-acre tract of real estate was a part of the real estate included within said agreement; and that appellant had demanded a deed for said 23-acre tract but that defendants refused to convey it to appellant. The two paragraphs of complaint were essentially the same, except that in the first paragraph the appellant alleged that

it had taken possession of the real estate in question with appellees' knowledge and consent, and that appellant had made valuable and lasting improvements on this real estate.

The complaint was met by separate answers of special denial by appellees, in which appellees deny that they ever agreed to sell this 23-acre tract of real estate to appellant.

Before the beginning of the trial of said cause the appellant filed its written request for the court to make a special finding of facts and conclusions of law.

The cause was submitted for trial and the evidence concluded on June 13, 1944. Closing arguments in said cause were had on July 15, 1944, during term time. On August 11, 1944, and while the court was in vacation, the court made and filed its special finding of facts and conclusions of law, which conclusions of law were that the law is with the appellees and that appellees are entitled to recover their costs against the appellant. On August 14, 1944, appellant filed its motion for a new trial. On September 16, 1944, appellant filed its written dismissal of said cause, and also its verified motion for the court to vacate its special finding of facts and conclusions of law, to vacate the filing of plaintiff's motion for a new trial, and to enter judgment of dismissal of said cause. On October 5, 1944, appellees filed their written objections to the dismissal of said cause, and also their answer to appellant's motion for the court to vacate its special finding of facts and conclusions of law. The court overruled appellant's motion for the court to vacate its special finding of facts and conclusions of law, and to vacate the appellant's motion for a new trial; and overruled plaintiff's motion to enter judgment of dismissal of said cause. The appellant then filed a motion for a *venire de novo*. On January

24, 1945, the court overruled appellant's motion for a *venire de novo,* and entered judgment for the appellees upon the special finding of facts and conclusions of law; and overruled appellant's motion for a new trial filed August 14, 1944. On January 24, 1945, the appellant filed a motion for a new trial which was overruled by the court.

There are errors assigned which question the action of the court in overruling appellant's motion for the court to vacate its special finding of facts and conclusions of law filed during vacation; in overruling appellant's motion for the court to vacate the plaintiff's motion for a new trial of August 14, 1944; in denying appellant's dismissal of said cause; in overruling appellant's motion for a *venire de novo;* in entering judgment upon its special finding of facts and conclusions of law; and in overruling appellant's motion for a new trial.

One of the questions before us is whether or not the court erred in denying appellant's dismissal of this cause, and in overruling appellant's motion for judgment of dismissal of this cause after the judge had made his finding of facts and conclusions of law. The record shows that the court was in vacation when the finding of facts and conclusions of law was shown filed and attested by the clerk of the court. Sec. 2-901, Burns' 1933, so far as we need quote it, reads as follows: "An action may be dismissed without prejudice—First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is *announced.*" (Our italics.) The appellant contends that the court's action, in filing its special finding of facts and conclusions of law while the court was in vacation, was void. The appellees contend that the court's action, in filing its special finding of facts

and conclusions of law in vacation, was proper and provided for by the provisions of § 2-2102, Burns' 1933, and that this action of the court cut off appellant's right to dismiss the action. The last quoted section, insofar as it is pertinent to this appeal, provides: "And whenever any issue of law or fact is submitted to the court for trial, and the judge shall take the same under advisement, the judge shall not, except in case of severe illness of himself or family, hold the same under advisement for more than sixty (60) days; and, if the court wherein said issues arose be not then in session, he shall file his determination therein, in writing, with the papers in the case." This statute also provides for the disqualification of the judge, upon application of any party, if the judge fails to determine any issue of law or fact taken under advisement within ninety (90) days after taking the same under advisement.

The first question we have to consider is the effect of the filing by the judge of his finding of facts and conclusions of law in vacation, and whether such filing constituted an *announcement* of such finding and conclusions which would cut off appellant's right to dismiss the action.

Courts, in construing the dismissal statute quoted, *supra,* have held to a strict definition of an announcement which will eliminate a right of dismissal under the statute. An oral announcement of what the finding will be, or the announcement of a general finding which was afterwards withdrawn and a special finding filed, have been held to be situations which do not constitute an announcement of the finding which would take away the right of dismissal. *Crafton* v. *Mitchell* (1893), 134 Ind. 320, 33 N. E. 1032; *Mitchell* v. *Friedley* (1891), 126 Ind. 545, 26 N. E. 391.

Section 2-2102, Burns' 1933, which makes provision for the filing of special finding of facts and conclusions of law, provides that such action shall be by the *court*. The further provisions of this same statute, that the judge shall not "hold the same under advisement for more than sixty (60) days; and, if the court wherein said issues arose be not then in session, he shall file his determination therein, in writing, *with the papers* in the case . . ." (our italics), when fairly considered, do not contain such words as would indicate the legislative intention that such action by the judge would constitute the final determination by the *court* of such issues. This statute has been held to be remedial and directory in nature. *Jones* v. *Swift, Executors* (1884), 94 Ind. 516; *Smith* v. *Uhler* (1884), 99 Ind. 140.

In the case of *Isaacs, Trustee* v. *Fletcher Am. Nat. Bk.* (1934), 98 Ind. App. 111, 185 N. E. 154, decided by this court after the passage of the above act, the question was considered as to the effect of the lower court's entry of a finding and judgment in vacation, and this court in its opinion stated: "The court was adjourned generally, and the entry made by the special judge in the instant case during such vacation was void. Neither had he any power during such vacation to announce any finding of the court which would cut off the right of the appellant to dismiss his cause of action under the statute."

In the case of *Glaser* v. *State* (1932), 204 Ind. 59, 183 N. E. 33, a statute was considered which provided for a transfer of cases from the Lake Criminal Court to the Lake Circuit Court, and § 2 of this Act (Acts of 1929, ch. 115, p. 339) provided that, "The causes so transferred may be heard, tried and determined by the cir-

cuit court at any time either during term time or vacation." The court held that this grant of statutory authority alone was insufficient to give the court authority to try and determine such cases in vacation, and that the above language of section 2 of said Act, *supra,* was insufficient to obviate compliance with other statutory provisions long essential to give trial courts jurisdiction to act in vacation. The court stated, "Aside from any constitutional question, section 2, *supra,* must be considered and construed along with the statute (Sec. 1405 Burns 1926) fixing the terms of the Lake Circuit Court, and the decisions of this court which hold that courts are without power to transact any business at a session not fixed by law. . . . The legislature of this state has made provision for the holding of special terms, adjourned terms, and continuing terms of courts . . . without statutory authorization and compliance therewith, there can be no legal vacation session of a circuit court or any other court having statutory fixed terms." And, "It will not do to say, in view of the various statutory provisions to which we have referred, that the legislature intended by Sec. 2 to permit the judge of such circuit court to act upon his own volition and to try the cases thus referred to the *court* without the formalities essential to a legally constituted court." (Our italics.)

This case squarely holds that even though the legislature, by statute, provides that causes may be heard, tried and determined by the court in vacation, it is necessary for such court to be legally constituted in accordance with the provisions of the statute relating to the holding of special terms, adjourned terms, or continuing terms of courts, before any valid action by the *court* may be taken.

In the two cases cited by appellees on the proposition in question, *Walker et al.* v. *Heller* (1877), 56 Ind. 298, and *Halstead* v. *Sigler* (1905), 35 Ind. App. 419, 74 N. E. 257, the courts were in session when the findings of the courts were made. In *Walker* v. *Heller, supra,* the the court called attention to the fact that, "The entry of the finding, it will be remembered, was made on the 31st judicial day of the term. . . . We must presume, the contrary not appearing, that the proceedings of the 31st day of the term were publicly read in open court. . . ."

There is nothing in the record, in the present case, which shows that any steps were taken for the organization of the Putnam Circuit Court for an adjourned term, special term or continuing term, when this finding of facts and conclusions of law was filed, and the record affirmatively shows that this finding was filed in vacation and attested by the clerk.

The rule is firmly established that *courts* are without power to transact any business at a session not fixed by law. *Cain* v. *Goda* (1882), 84 Ind. 209; *State* v. *Hindman* (1903), 159 Ind. 586, 65 N. E. 911; *Batten* v. *The State* (1881), 80 Ind. 394.

And, as stated in *Glaser* v. *State, supra,* ". . . . without statutory authorization and compliance therewith, there can be no legal *vacation* session of a circuit court or any other court having statutory fixed terms."

Since the legislature by this statute (§ 2-2102, Burns' 1933) conferred no authority for judicial action by the *court* in vacation, the filing of the judge's finding of facts and conclusions of law in vacation did not constitute an *announcement* of such finding of facts and conclusions of law by the court which would cut off appellant's right of dismissal.

Without the formalities essential to a legally constituted court, and compliance with the provisions of the statutes for the holding of special terms, ■ adjourned terms, or continuing terms (§§ 4-327, 4-3101, 4-3102, Burns' 1933), the filing by a judge of his finding of facts and conclusions of law in vacation, with the papers in the case, by virtue of § 2-2102, Burns' 1933, does not constitute an announcement of such finding by the *court* which would cut off the right of dismissal in such action under § 2-901, Burns' 1933.

Any other conclusion would lead to uncertainty and confusion to litigants and attorneys. The intention to hold any continuing, adjourned, or special session of a circuit court in which final judicial action is taken by such court must be made of record by the court, as provided by statute, so that litigants and attorneys may have a fair opportunity to be apprised of any final judicial action affecting their rights..

The filing of the finding of facts and conclusions of law by the judge on August 11, 1944, when the court was in vacation, was not a finding of the court which precluded appellant from dismissing its cause of action; and the action of the court in overruling appellant's motion for the court to vacate appellant's motion for a new trial of August 14, 1944, denying appellant's dismissal of said cause, overruling appellant's motion for a judgment of dismissal of said cause, and in entering judgment upon its said special finding of facts and conclusions of law, was error.

In view of the conclusions reached, it would not be necessary or proper to consider the other questions raised in this appeal. The judgment of the lower court is reversed, with instructions to sustain appellant's motion for the court to vacate the plaintiff's motion for a new trial, and to sustain

appellant's motion for judgment of dismissal of said cause.

Judgment reversed.

Hamilton, J., not participating.

NOTE.—Reported in 64 N. E. (2d) 411.