EASON ET AL. *v.* NORTHERN INDIANA PUBLIC SERVICE COMPANY

[No. 18,408. Filed October 26, 1953.]

*Frederick C. Crumpacker,* of Valparaiso, for appellant.

*George W. Douglas* and *Douglas & Nixon,* of Valparaiso, and *Cope J. Hanley,* of Rensselaer, for appellant.

KENDALL, C. J.—Appellants instituted this action for damage to their house as a result of fire which they allege was negligently caused by appellee company in the control and maintenance of certain defective electrical equipment in and near their home.

Appellants had purchased the house in question from the original owner when it was four years old and had moved in the house seven weeks prior to the fire. Ap-

pellants applied to the appellee company for electrical service, who, accordingly, turned on the current. The transformer owned by appellee was on a pole to the rear of the house and appellee likewise operated what are referred to as service wires from the pole to the point of contact on the house. The current was conducted through the outer portion of the house by means of a service entrance cable for a distance of approximately forty feet to the meter box and meter of appellant.

The cause was tried upon appellants' third amended complaint in one paragraph and appellee's answer thereto. The third amended complaint charged, among other items, that the appellee company had agreed to supply electrical power and current to appellants; that on October 23, 1949, an electrical fire caused by the negligent and careless acts of appellee broke out in the basement and destroyed the interior thereof. Appellants further charge that the fire was caused by the carelessness and negligent acts and omissions of appellee in the maintenance and operation of a defective transformer, service wires and cables and other electrical equipment on the outside of the house; also, negligently operating defective cables, wiring and other equipment under its control in the house. There were other similar acts of negligence, but it is not deemed necessary to give in detail. Appellee, in answer filed, admitted supplying power and current to appellants by contract for which they received payment and denied all other material allegations of the third amended complaint.

Cause was submitted to a jury. At the close of all the evidence, the appellee company filed motion for a peremptory instruction directing the jury to find for the appellee. The court indicated that he was going

to sustain the appellee's motion, after which appellants moved the court for permission to dismiss the action, to which the appellee objected on the grounds that the motion was made too late, which objection was sustained by the court. Accordingly, therefore, the court instructed the jury to return a verdict for the appellee company, which was done, upon which judgment was rendered.

Motion for new trial was filed, six specifications being urged by the appellants, but, in view of the decision reached by this court, it is only necessary to list one of the specifications, being specification number six, to-wit: Error of law occurring at the trial in overruling plaintiff's motion for dismissal of the cause made at the close of all the evidence and before the court had instructed the jury to return a verdict for the defendant.

The appellants' assignment of errors are: (1) The trial court erred in overruling appellants' motion for new trial.

Appellants rely upon the following questions and answers had between the court and counsel for appellants to substantiate specification number six:

"The Court: I am going to sustain their motion for a directed verdict.

"Mr. Crumpacker: If you would let me say——

. . .

"The Court: No, because I have read the law. If I am wrong you can take an appeal.

"Mr. Crumpacker: No, I will move for a dismissal of the case.

. . .

"Mr. Crumpacker: I want the record to show at this time that I move for a dismissal."

The question therefore presented is whether the court erred in overruling appellants' motion to dismiss after

he had announced, "I am going to sustain their motion for a directed verdict."

The statute which controls a situation of this kind is as follows:

> "Section 2-901, Burns' Anno. Statutes—Dismissal without prejudice. An action may be dismissed without prejudice—First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced."

This was a trial by jury.

In the case of *Adams* v. *St. Louis, etc., R. Co.* (1911), 137 S. W. (Tex. Civ. App.) 437, cited with approval in the case of *Van Sant* v. *Wentworth* (1915) (T. D. 1916), 60 Ind. App. 591, 108 N. E. 975, the court said:

> " 'where a motion is made for an instructed verdict, as in this case, and the court decides that such motion should be sustained, the question of when the plaintiff can take a nonsuit must be determined by the provisions of the statute governing a case being tried before the court without a jury.' "

True it is under the wording of the court's announcement that the language was sufficient to inform appellants of what the court was going to do and that permitting a dismissal without prejudice with right to re-file would seem unfair and be inequitable and grant to the appellants an undue advantage. Nevertheless, we must determine in view of our statute whether or not the court's language constituted an announcement of the findings, bearing in mind the court's statement, "I am going to sustain their motion for a directed verdict."

In the case of *Crafton* v. *Mitchell* (1893), 134 Ind. 320, 33 N. E. 1032, there were two cases that were identical, except as to parties and lands involved, which cases were tried together. The court read his special finding and conclusions of law in one case, and proceeded to announce that the finding and conclusions in the other case were not prepared but would be identical with the ones which he had just read. In that case the court held that the lower court did not announce the findings in such other cause within the meaning of the statute and there was no error in sustaining the plaintiff's motion to dismiss the other case. (See also *Mitchell* v. *Friedly* (1891), 126 Ind. 545, 26 N. E. 391.) Flanagan, Wiltrout & Hamilton, §1301, Comment 3.

We believe, therefore, the general rule to be that where a trial court has stated what he was going to do, with respect to what the finding would be, but has not as a matter of fact announced the finding, that a plaintiff such as the appellant in this case may avail himself of the statute in force and effect in this state and dismiss without prejudice.

In the case of *Adams* v. *St. Louis, etc., R. Co., supra,* the defendant moved the court for a directed verdict, there was argument such as was held in this case and there the court announced that the motion *would be* sustained and informed plaintiff's attorneys to that effect, who likewise moved for a non-suit, but was overruled on the same ground as was here in that the motion came too late. The same statute was involved in that case as in the instant case and on appeal the trial court was sustained, but on petition for rehearing the court said:

" 'After more mature reflection, we have concluded that the mere announcement by the trial

judge of what his decision will be, although pro-
voked by inquiry of counsel, is not such an an-
nouncement of his decision as is contemplated by
the statute, which declares that when the case is
tried by the judge a nonsuit may be taken at any
time before the decision is announced.' "

We believe the general rule to be in this state, sub-
stantiated by authorities of other jurisdictions, that in
cases where motions are made for a directed
verdict and announcement is made by the court
that a peremptory instruction will be given that
the provisions of the statute apply relating to dismis-
sals without prejudice where the trial is by a jury. The
provisions of the statute respecting the jury retiring
has reference to the time or situation wherein the jury
has retired for the purpose of returning the verdict
after the cause has been finally submitted to it.

In the case of *Gassman* v. *Jarvis* (1899), 94 Fed. 603,
which involved a case which facts were similar to the
one under consideration, the court said:

" 'A careful examination of the authorities has
convinced me that the announcement by the court
of its intention to give a binding instruction to
the jury to find for the defendant was not such
a submission of the case as to bar the plaintiff's
right to dismiss before the jury had retired.' "

In *Mullen* v. *Peck* (1881), 57 Iowa 430, 10 N. W. 829,
the statute provided that the plaintiff might dismiss
without prejudice before the final submission of the
case to the jury, and the Supreme Court of Iowa said
in announcing its decision:

" 'In the present case the plaintiff offered to dis-
miss before the jury had been instructed. No
matter if the court had indicated what the instruc-
tions would be, for it is possible the court might
change its mind and the plaintiff had the right to

take his chances in that respect. What the instructions would be could only be known after they were read to the jury.' "

Although in this case the court had announced that he was going to sustain the defendant's motion, actually there had not been any submission of the case, final or otherwise, to the jury before the plaintiff moved to dismiss the case. *Vertrees' Admr.* v. *Newport News, etc., Co.* (1894), 95 Ky. 314, 25 S. W. 1. In the case just cited the lower court was reversed for denying plaintiff's motion to dismiss, the statute of that state provided that a plaintiff might dismiss his cause without prejudice before final submission of the case to the jury or to the court, if the trial be by the court.

In the case of *State* v. *Bridges* (1946) (T. D. 1946), 116 Ind. App. 483, which involved the trial court filing with the Clerk of the court in vacation his special finding of facts and conclusions of law, the question arose as to whether or not the adverse party had a right to dismiss, and, in citing the issue thereof, Judge Bowen said:

> "Courts, in construing the dismissal statute quoted, *supra,* have held to a strict definition of an announcement which will eliminate a right of dismissal under the statute. An oral announcement of what the finding will be, or the announcement of a general finding which was afterwards withdrawn and a special finding filed, have been held to be situations which do not constitute an announcement of the finding which would take away the right of dismissal."

Some jurisdictions have statutes which are similar to Indiana in reference to time a plaintiff may dismiss with the exception that statutes thereof refer to "final submission" where the statute of Indiana refers to "be-

fore the jury retires." It is generally held in such jurisdictions that the fact the court has announced or intimated its opinion of the law of the case, will not, at least under all circumstances preclude the plaintiff from dismissing or taking a voluntary non-suit on the ground that there has been a final submission. It has likewise been held that it is immaterial that leave to take a non-suit is not sought until after the law of the case has been fully declared by the court, as the plaintiff has the right to take a non-suit at any time before the jury has actually retired. *Chicago, M. & St. P. R. Co. v. Metalstaff* (1900), 41 C. C. A. 669, 101 Fed. 769. (Circuit Court of Appeals of Missouri) *Wood* v. *Nortman* (1884), 85 Mo. 298.

In the case of *Templeton* v. *Wolf* (1853), 19 Mo. 101, the plaintiff made a motion for non-suit after the giving of the instructions at the close of the evidence and the court held that the lower court had erroneously refused to grant the non-suit. In the case of *Mutual Ben. Health & Acci. Asso.* v. *Tilley* (1927), 174 Ark. 932, 298 S. W. 215, at the close of the evidence the court indicated to the attorney for plaintiff that the proof was not sufficient to justify recovery and then the attorney asked leave for non-suit, which was granted by the court and the action was therefore dismissed without prejudice. The Court of Appeals held that this action was proper on the grounds that there had not been a final submission within the meaning of the statute. The view is further expressed in an opinion in the case of *Scott* v. *Reedy* (1876), 5 Ohio Dec. Reprint 388, 5 Am. Law Review 367, that a case is not finally submitted to a jury until they are charged by the court and have retired to consider their verdict and that the Legislature intended by the use of the term "final submission" of the case to the jury the same as though it

had been provided that an action might be dismissed without prejudice before the jury retired, and, in so deciding, the court said:

> "An action may be dismissed without prejudice to a future action, (1) by the plaintiff before the final submission of the case to the jury or the court where the trial is by the court. I am inclined to hold that a case is not *finally* submitted to a jury until they are charged by the court, and retire to consider of their verdict.
>
> "My construction of the word 'final' is that it means what is expressed in the Indiana Code: 'An action may be dismissed without prejudice, first, by the plaintiff, *before the jury retire.*' 2 Ind. Stats. (Gavin and Hord), p. 216."

Neither appellants nor appellee cite any authority as to the correctness of the court's ruling in overruling appellants' motion to dismiss. Appellants make mention of alleged error in their argument; however, the appellees merely say that the rule is clear and needs no citation of authority.

However, in view of the statute and the authorities of this state and other jurisdictions substantiating the same, we are constrained to adopt the view that under the wording of the judge, "I am going to sustain their motion for a directed verdict," that there has not been any final submission because the court has indicated he would sustain said motion. The jury had not actually been instructed to find for the defendant and would not have been until after the motion to dismiss was actually made, and we believe a final submission requires the actual giving to the jury of the instruction with authority on their part to proceed without further control of the court. *Vertrees' Admr.* v. *Newport News, etc., Co., supra; Ohio Valley Electric R. Co.* v. *Lowe* (1915), 167 Ky. 132, 180 S. W.

61; *Hall* v. *Chess & W. Co.* (1917), 131 Ark. 36, 198 S. W. 523; *Morrisey* v. *Chicago & N. W. R. Co.* (1890), 80 Iowa 314, 45 N. W. 545. In the last case cited it was held that there had not been a final submission precluding dismissal, where, after introduction of the plaintiff's evidence the defendant made a motion to instruct the jury for the defendant, which motion the court indicated that it would sustain; the court, however, not having made the entry nor directed for the defendant at the time, the plaintiff asked leave to dismiss. (See also *Oppenheimer* v. *Elmore* (1899), 109 Iowa 196, 80 N. W. 307.)

As a result of the decision of the court in this case, it is needless to discuss further specifications of error alleged by appellant.

Judgment reversed with instructions to sustain appellants' motion to dismiss and enter order accordingly.

Achor, P. J., dissents with opinion.

Crumpacker, J., not participating.

### DISSENTING OPINION

ACHOR, P. J.—In my opinion the judgment of the trial court should be affirmed. Two major issues are involved. The first relates to the sufficiency of the evidence. The second to the overruling of appellant's motion to dismiss. In my opinion there was no evidence or reasonable inference of negligence on the part of appellee. I am also of the opinion that pleadings and evidence do not establish an inference of negligence under the doctrine of *res ipsa loquitur*. The issue in dispute therefore became one of law and not of fact. It therefore became the duty of the court, on proper motion, to so inform the jury by a peremptory instruc-

tion. *Holtz* v. *Elgin, etc., Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245.

The second major question is whether the court erred in overruling the motion to dismiss without prejudice. The proceedings, as they related to appellant's motion to dismiss, are concisely stated in appellant's brief as follows:

"At the close of all the evidence, defendant filed its written motion for peremptory instruction and retendered its instruction No. A. Thereupon the Court stated orally from the bench and in open court to the parties and their counsel, that defendant's motion for peremptory instruction would be sustained. Counsel for plaintiffs requested the Court for permission to argue the motion and to submit legal authority against the sustaining of the motion. The Court summarily refused to hear the argument. Plaintiffs' counsel thereupon and before the Court had entered its finding sustaining defendant's motion, moved the Court for dismissal of the cause. Counsel for defendant objected to plaintiffs' motion for dismissal. Thereupon and without further argument the Court entered of record its order sustaining defendant's motion for peremptory instruction and let the record show chronologically that plaintiffs' motion to dismiss was made after the ruling sustaining defendant's motion for peremptory instruction. The Court then overruled plaintiffs' motion to dismiss, summoned the jury and instructed the jury to return a verdict for defendant which was accordingly done."

The majority opinion of the court, which holds that the court erred in overruling appellants' motion to dismiss, is grounded primarily upon the case of *Van Sant* v. *Wentworth* (1916), 60 Ind. App. 591, 108 N. E. 975, and cases therein cited. In my opinion the decision in that case is neither supported by a reasonable construction of our statute (§2-901, Burns' 1946 Replacement), nor is it grounded upon sound judicial principles, and should be reversed insofar as it constitutes precedent

relative to the issues before us. The controlling statute is as follows:

"Section 2-901, Burns' Anno. Statutes—Dismissal without prejudice. An action may be dismissed without prejudice—First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced."

This was a trial by jury. However, the rule is now well established in this state that:

". . . Where the court directs a verdict, it is not within the province of the jury to deliberate and determine what verdict shall be returned. In such case, its power is circumscribed by the court's direction. *McClaren* v. *Indianapolis, etc., R. Co.* (1882), 83 Ind. 319. . . . *Adams* v. *St. Louis, etc., R. Co.* (1911), 137 S. W. 437 (Tex. Civ. App.), the court saying: 'where a motion is made for an instructed verdict, as in this case, *and the court decides that such motion should be sustained, the question of when the plaintiff can take a nonsuit must be determined by the provisions of the statute governing a case being tried before the court without a jury.'* " *Van Sant* v. *Wentworth, supra,* page 593. (Our italics.) See also 53 Am. Jur. §1126, page 782, 112 A. L. R. 86.

It occurs to me that the *Van Sant* case, *supra,* having properly reached the above conclusion, proceeded thereafter to confuse the issue by discussing cases which were either not in point or were in conflict with the rule just affirmed. The *Van Sant* case seems to be grounded primarily upon the case of *Adams* v. *St. Louis, supra.* In that case the facts are almost identical to those in the case at bar, except that it does not appear that the judge stated his intentions, with regard to the motion for a directed verdict, to (1) both parties or their counsel, (2) in open court, (3) as a part of the regular proceedings in the cause, but, rather, it appears

that the statement may have been made on the side to counsel for the plaintiffs only, merely as ". . . a preliminary statement by the judge indicating that his final decision would be, . . . elicited by an effort of her counsel to ascertain the mind of the court, . . . with a view of protecting the interest of his client. . . ." From these facts, it appears that neither the court nor the parties considered the statement in itself as constituting a binding announcement of the court's decision but merely a *"preliminary statement"* as to the order the court would subsequently make.

Reference is made to *Crafton* v. *Mitchell* (1893), 134 Ind. 320, 33 N. E. 1032. In that case only special findings of fact and conclusions of law were made by the court. No general finding or conclusive decision was announced. Also, in the case of *Mitchell* v. *Friedly* (1891), 126 Ind. 545, 26 N. E. 391, by the same reasoning the motion to dismiss, after the general finding had been withdrawn, was proper. In the case of *Gassman* v. *Jarvis* (1899), 94 Fed. 603, the court held that an indication by the court of his intention to give a peremptory instruction to the jury was not such an announcement of its decision as to bar voluntary dismissal prior to the time they were actually "read to the jury." If such an announcement was merely a voluntary expression of intention on the part of the court, not made as part of the regular proceedings in the case, then the decision might be entirely logical. However, if such an announcement is required, either by statute or by rule as in this state, and was so made in open court in the orderly course of the trial, then, in my opinion, it was the announcement by the court of a decision which had the effect of withdrawing the case from the jury, and the fact that the jury had not yet been instructed was immaterial.

Cases from other jurisdictions are cited in the majority opinion which hold that the sustaining of a motion for directed verdict properly announced and recorded does not bar voluntary dismissal prior to the actual submission of the cause to the jury. *Mullen* v. *Peck* (1881), 57 Iowa 430, 10 N. W. 829; *Vertrees' Admr.* v. *Newport News, etc., Co.* (1894), 95 Ky. 314, 25 S. W. 1; *State* v. *Bridges* (1946), 116 Ind. App. 483, 64 N. E. 2d 411; *Chicago, M. & St. P. R. Co.* v. *Metalstaff* (1900), 41 C. C. A. 669, 101 Fed. 769; *Templeton* v. *Wolf* (1853), 19 Mo. 101; *Scott* v. *Reedy* (1876), 5 Ohio Dec. Reprint 388, 5 Am. Law Review 367; *Wood* v. *Norton* (1884), 85 Mo. 298; *Mutual Ben. Health & Acci. Asso.* v. *Tilley* (1927), 174 Ark. 932, 298 S. W. 215. These cases are in conflict with precedent established in this state, that such a ruling withdraws the case from the jury and the procedure is thereafter governed by the provision of the statute which refers only to trials by the court. *McClaren, Admr.* v. *The Indianapolis and Vincennes Railroad Company* (1882), 83 Ind. 318; *Van Sant* v. *Wentworth, supra.*

It occurs to me, therefore, that the remaining question we are required to adjudicate is whether or not the statement made by the court (1) constituted an announcement of a full and final "decision" upon all the issues affecting appellant's right of recovery, or (2) was it merely an intimation or preliminary statement regarding what the decision would be when "the finding of the court is announced." §2-901, *supra.* If made under the second set of facts it was admittedly ineffectual and appellant was entitled to dismiss his action without prejudice. On the other hand, if the announcement was made under the first set of circumstances, its effect was to put at rest all issues in the case. Except for prescribed perfunctory procedure and the

formality of the record, the case was closed. Deliberation by both the jury and the court was at an end.

It is true that the court, in announcing his decision regarding appellee's motion for peremptory instruction, used the language "I am going to sustain their motion for a directed verdict," which is in the future tense. However, as heretofore stated, the announcement was made following the filing of a written motion, during the regular course of the trial, "from the bench in open court to the parties and their counsel." The court refused to hear argument and without entertaining appellant's oral motion to dismiss, "thereupon . . . entered of record its order sustaining defendant's motion for peremptory instruction." Although couched in language of the future tense, it seems apparent that under the circumstances in which it was made both the court and the parties considered it the statement of a present and final "announcement" of the decision of the court upon the motion for a directed verdict. This decision disposed of all the issues in the case.

It is a fundamental concept of Anglo American-law that each individual is entitled to a "day in court" for the settlement of his disputes and that the parties having been given that opportunity to present their cause are bound by the decision of the court as announced, that thereupon the issues shall be put at rest and that defendant, if successful in his defense of the action, shall not be harassed by or subjected to the loss and inconvenience of a subsequent trial on the same issues.

Thereafter to permit the plaintiff to withdraw his case without prejudice, with right to refile, would give him an advantage which would be manifestly unfair.

NOTE.—Reported in 114 N. E. 2d 887.