## Page v. Utterback, et al.

(Decided December 19, 1924.)

### Appeal from Franklin Circuit Court.

1. Dismissal and Nonsuit—Pleading—Court's Power to Compel Obedience to Orders by Striking Pleading or Disallowing Filing Discretionary.—Under Civil Code of Practice, section 371, relating to dismissals without prejudice for disobedience of orders concerning proceedings, court may strike pleading or disallow its filing for noncompliance with reasonable orders, but cannot abuse a sound discretion therein.

2. Pleading—Defectively Pleaded Cause of Action for Damages Bad as to One Party Held Not to Render Petition in Ejectment Bad on General Demurrer.—Amended petition in ejectment alleging ownership of plaintiff in described lands, and withholding of same by named defendant without title, and praying damages, held good as against general demurrer, notwithstanding defectively pleaded cause for damages, which was bad as to one of defendants.

3. Pleading—General Demurrer Overruled where Good Cause of Action Stated, Notwithstanding Other Causes Defectively Stated.— General demurrer to petition which states cause of action in favor

of plaintiff against defendant should be overruled though there are other causes of action attempted to be stated which are insufficiently averred.

4. Parties—Demurrer for Defect of Parties Overruled where Defect Not Shown by Record.—A special demurrer for defect of parties should be overruled where no defect of parties is shown by the record.

DULIN MOSS for appellant.

L. F. JOHNSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Orgininally this was an action in ejectment commenced by appellant, Harriet Page, against Alice Utterback, individually, and as executrix of the will of J. B. Utterback, and several other persons, alleging that the defendant, Albert Thompson and other named defendants, not including Alice Utterback, "are the owners of and entitled to the possession of a tract of land in Franklin county, Kentucky, situated on the north side of Church street in the city of Frankfort. In addition to the foregoing allegations the plaintiff set forth that Alice Utterback "now holds said place in her own right and as executrix of the estate of her late husband, J. B. Utterback, and that her said husband, the late J. B. Utterback, held the said place for ten and one-half years wrongfully and kept plaintiff and said defendant hereinbefore mentioned out of possession thereof to their damage in rents in the sum of seven hundred and fifty-six ($756.00) dollars." To the petition was attached a prayer for the recovery of the property described and $756.00 damages. It will be observed that the petition alleges that the property belongs to certain of the named defendants but does not show that plaintiff has any interest whatever in the property. To this petition a general demurrer was sustained with leave to amend, on September 6, 1918. No amendment being filed appellee moved to dismiss the cause for want of prosecution, on May 7, 1919. A second motion was made by appellees on September 17, 1919, to dismiss the action for want of prosecution. No amended petition had been filed at that time. Soon thereafter the appellant Harriet Page moved the court to transfer the cause to equity, but this motion was never acted upon. On the 27th of September,

1919, appellant filed an amended petition in which she adopted and reiterated all the allegations of her original petition and averred that she and the defendants named in the petition, except Alice Utterback, owned the property set out and described in the petition, and further averred that the property described was not susceptible of division without impairing the value of the plaintiff's interest and the defendants' interest. A sale was prayed of the property for a division of the proceeds. In the meantime a special demurrer had been filed by the appellees to appellant Page's petition for defect of parties and also because the claim asserted against the estate of Utterback had not been verified and presented to the executrix before suit was commenced.

A third amended petition was filed averring that Alice Utterback and her late husband "has no deed or transfer of or to said property hereinbefore described, and that she came into possession of the said property by the last will and testament of J. B. Utterback, . . . the said J. B. Utterback never had any transfer or deed to said property hereinbefore described from any person or persons who owned it or had any interest in it, nor did the persons who transferred the said property to the said J. B. Utterback ever have any transfer, or deed, to said property from any person who owned it or had any interest in it." To this amended petition was attached a copy of J. B. Utterback's will, showing its due probation. At a subsequent date a demurrer was filed to the petition as thus amended, and sustained, the order reading: "A demurer having been sustained to plaintiff's amended petition at the last term of this court and leave given until the first day of the present term of this court to file a second amended petition, and plaintiff failing to file same in the time given, this cause is now dismissed." There is no objection or exception to this order by appellant. It was made May 4, 1921, and this appeal was filed in this court on February 20, 1923. The action had been pending about four years, the petition having been filed in the lower court on March 6, 1917. As will be seen there was much delay in the prosecution of the case. Many motions had been made by appellee to dismiss the cause for want of prosecution before the court acted, and the trial court indulged appellant from term to term until the order of May 4, 1921, was entered dismissing

the cause. It appears from a reading of that order the cause was dismissed for failure of the appellant to file an amended petition after demurrer had been sustained and within the time allowed by the court. Section 371 of the Civil Code relating to dismissal of actions without prejudice, in part reads:

"An action, or any cause of action, may be dismissed without prejudice to a future action. . . .

"2. d. For disobedience by the plaintiff of an order concerning the proceedings in the action."

It is the duty of the parties to an action to conform to all reasonable orders of the trial court in the matter of pleading, and if they do not the court may strike a pleading or disallow the filing of a pleading by the party in default. The court must have power to control such matters, but of course cannot abuse a sound discretion.

The petition as amended stated a cause of action in favor of appellant, Hariett Page, against appellee, Mrs. Utterback, in ejectment, and the general demurrer should have been overruled to that extent.

The fact that the petition in ejectment attempted to set up an additional cause of action for damages for withholding the premises from plaintiff, which was defectively pleaded and bad as to the executrix, went only to the claim for damages, and did not render the petition in ejectment bad on general demurrer. If the defendants desired to take advantage of that defect in the petition they should have moved to require the plaintiff to paragraph the petition and then have demurred to the paragraph presenting claim for damages, or moved to strike that part of the petition which related to damages. A general demurrer to the petition waived verification of the claim sued on. Maynard v. Maynard, 178 Ky. 332; King v. King, 182 Ky. 665.

When a petition states a cause of action in favor of the plaintiff against a defendant a general demurrer should be overruled, even though there are other causes of action attempted to be stated in the petition, but which are insufficiently averred. The special demurrer should also have been overruled because there was no defect of parties, plaintiff or defendant, shown by the record.

Judgment reversed.