## Tudor et al. v. Kentucky Utilities Co.

March 12, 1940.

W. J. Baxter, Judge.

278

E. S. Wiggins and S. D. Parrish for appellants.

J. J. Greenleaf and James S. Lackey for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

The appellants, who were the plaintiffs below, brought this action in the Madison circuit court seeking to recover of appellee damages to their land and to quiet title thereto.

The substance of the petition is that plaintiffs are the owners of a certain tract of land in Madison county, Kentucky (describing it by metes and bounds), which they acquired by deed from Brooks Smiley and Dewey Smiley dated December 31, 1931, and at the time they purchased said land, the defendant, Kentucky Utilities Company, had erected and was maintaining on said land 3 poles, transmission lines for electricity and other equipment, and claims to have an easement over the land of plaintiffs which was granted it by Dona Smiley by lease and at the time of the execution of said lease and prior thereto Dona Smiley owned a homestead interest only in the land; that Dona Smiley died in July 1931, and that since her death the lease has been and is void and of no effect and that plaintiffs have notified defendant to remove its poles and transmission lines from

plaintiffs' land but it refused to do so and continues to trespass on plaintiff's land from day to day; that in January 1937 defendant unlawfully entered upon plaintiffs' land, erected 3 new poles thereon, cut off 2 old poles at the ground leaving about 5 feet of said poles in plaintiffs' land and is continuing to keep and maintain 4 poles and equipment on the land unlawfully and without right; that in January 1937 defendant entered on plaintiffs' land during heavy rains and unlawfully tore up her ground in three different places and bent and broke down fences of plaintiffs to their damage in the sum of $25; that defendant has the right of eminent domain and if the court holds that defendant can maintain said poles and equipment on plaintiffs' land plaintiffs have been damaged in the further sum of $200 being the difference in the value of plaintiffs' land without being burdened with said easement and being burdened with it.

In Paragraph 2 of the petition plaintiffs alleged that they have legal title to and are in actual possession of the tract of land in question and the defendant claims to have an easement over said land by reason of the lease from Dona Smiley and is now setting up a claim thereto adverse and hostile to plaintiffs' right and title and giving it out in speech that it is the owner of an easement over plaintiffs' land; that it has no claim or easement whatever over said land and the claim it makes is unfounded and void and is casting a cloud upon plaintiffs' title. The prayer of the petition is that plaintiffs recover judgment against the defendant in the sum of $225 with costs, and the title to their land be quieted and the defendant be required by the court to release all claims to any easement claimed by it over plaintiffs' land and that the court adjudge that the lease (easement) executed by Dona Smiley to defendant be cancelled and declared void and of no effect from the date of the death of Dona Smiley. Copies of the deeds from Brooks Smiley and Dewey Smiley to plaintiffs, and from Robert Smiley to Dona Smiley and also a copy of the lease from Dona Smiley to defendant are filed as exhibits with the record. Thereafter upon motion of the plaintiffs the case was transferred to the equity docket.

Defendant filed a general demurrer to the petition

as amended, which demurrer the court overruled with exceptions and defendant was given a specified time in which to plead further.

The defendant moved the court to require the plaintiffs to reform their petition as follows:

"(1) By referring to and adopting as part of the petition exhibit A, which appears filed in the record herein;

"(2) By stating in separate paragraph (a) the amount of damage they claimed to have been done in the land before plaintiffs bought it, and (b) the amount of damage they claimed to have been done to the land since plaintiffs bought it;

"(3) To elect whether they will claim (a) damages for withholding possession of a part of the land by defendant, or (b) whether they seek to remove a cloud from their title by cancelation of the easement conveyed to defendant by Dona Smiley."

Upon hearing of the motion the court held and adjudged as follows:

"A. That numbered paragraph (1) of said motion be and the same is hereby overruled.

"B. That numbered paragraphs (2) and (3) of said motion be, and each of them is hereby, sustained, to which ruling the plaintiffs object and except.

"Thereupon in open Court the plaintiffs decline to plead further, whereupon defendant in open Court moved the Court to dismiss plaintiffs' petition. The Court having considered said motion and being sufficiently advised, it is ordered that same be sustained, that plaintiffs' petition be and the same is hereby dismissed, and that defendant, Kentucky Utilities Company, recover from plaintiffs, Lenora Tudor and Seth Tudor its costs herein expended, to all of which the plaintiffs except and object and pray an appeal to the Court of Appeals which is granted."

The sole question presented for our determination is the propriety or impropriety of the court's ruling on Paragraphs (2) and (3) of defendant's motion to re-

quire plaintiffs to reform their petition as indicated in said motion.

Defendant is claiming an easement over the land of plaintiffs which constitutes an interest therein. Section 83 of the Civil Code of Practice authorizes one to maintain an action for the recovery of real property and the rents, profits and damages for withholding it. See Code, supra, and cases cited in notes thereunder.

It is our conclusion that the court erred in requiring the plaintiffs to elect under Paragraph (3) of the motion whether they will prosecute their action for damages for withholding possession of part of the land by defendant, or whether they seek to remove the cloud from their title by cancellation of the easement conveyed to defendant by Dona Smiley. We think the court properly sustained defendant's motion to Paragraph (2) thereof requiring plaintiffs to set out the amount of damages done to the land before they purchased it and the amount done since they purchased it.

At the time plaintiffs purchased the land they knew of its condition and purchased it in its alleged damaged or impaired condition. The presumption is that the condition of the land was taken into consideration in fixing the purchase price paid therefor. Hence no cause of action passed to plaintiffs to recover damages done prior to their purchase of the land. City of Richmond v. Gentry, 136 Ky. 319, 124 S. W. 337, 136 Am. St. Rep. 255.

When plaintiffs refused to elect under Paragraph (2) of the motion it became the duty of the court to elect for them and, since it was purely a question of law the court should have elected that plaintiffs prosecute their claim for damages done to the land since they purchased it, and had plaintiffs then refused to prosecute the cause elected by the court it then became the duty of the court to dismiss that item of the petition relating to damages without prejudice rather than dismiss the whole case absolutely. Tandy & Farleigh Tobacco Co. v. Briggance et al., 181 Ky. 13, 203 S. W. 874.

It may be conceded that under some circumstances it might be proper for the court to dismiss a pleading absolutely for failure to comply with the court's orders with reference to reforming or otherwise modifying

pleadings. While such matters usually are left to a sound discretion of the court, depending on the facts and circumstances of the case, yet the court cannot abuse a sound discretion. Page v. Utterback, 206 Ky. 388, 267 S. W. 242. However, since the election here involved was one of law, there being only one item of damages for which plaintiffs were entitled to recover, and the court having failed to make proper election, we think the court erred in dismissing absolutely plaintiffs' petition on the item of damages, as well as that part of the petition which sought to recover damages and to quiet title in the same action.

All other questions are reserved.

For reasons stated the judgment is reversed and remanded for proceedings consistent with this opinion.