## NOEL et al. v. HEAD et al.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Lena M. Craig, J. A. Edge, Lexington, for appellants.

Allen, Duncan, Duncan & Arnold, Taylor G. Smith, Lexington, for appellees.

STEWART, Justice.

The only question presented on this appeal is one of pleading. Did the Chancellor err in dismissing the petition as finally amended because of the failure of plaintiffs to elect as they were so ordered?

In the original petition, filed on October 14, 1949, Herman E. Noel, Martha B. Noel, Roy Parker, an infant over seventeen years of age suing by Ernest Parker, his father and next friend, Ernest Parker suing for and on behalf of Roy Parker, an infant over seventeen years of age, and Ishmael Haney were named as parties plaintiff and James E. Head, Virginia J. Head, Thomas .E. Hadden, Clara Hadden, J. B. Johnson, E. R. Little, Louellen B. Little, K. M. Little, W. P. Little, Paul B. Stewart and Nettie B. Stewart were designated as parties defendant to an action to set aside an alleged fraudulent conveyance.

On November 3, 1949, defendants filed a motion requesting the Chancellor to compel plaintiffs to elect as to which plaintiffs would prosecute which cause of action against which defendants and, in addition, they asked for a dismissal of plaintiffs' petition upon the ground that it was multifarious. After sustaining the motion to elect, the Chancellor overruled the motion to dismiss.

Plaintiffs, on July 3, 1950, filed an amended petition in which they elected to prosecute the action against all the defendants except the Stewarts. Thereafter, defendants, on July 6, 1950, renewed their motion to dismiss the petition as amended because of the failure of plaintiffs to comply with the previous order requiring them to elect, and, on the same day, defendants moved the Chancellor to set aside the order overruling the motion to dismiss plaintiffs' petition on the ground of multifariousness. The Chancellor overruled both of these motions.

On July 11, 1950, plaintiffs, over defendants' objection and exception, were permitted to file an amended and supplemental petition but, pursuant to defendants' previ-

ous motion, plaintiffs were ordered to make an election within two weeks. The Chancellor, following an agreement by the parties, dismissed the cause as to all the defendants, except the four Littles, on April 7, 1951. That same date plaintiffs were granted twelve days in which to elect as imposed by the original order, that is, which cause of action would be prosecuted by which plaintiffs against the remaining defendants.

On April 19, 1951, the Littles moved to dismiss the petition as last amended on the ground of multifariousness and for the reason of plaintiffs' failure to comply with the previous order to elect. At a hearing the Chancellor sustained both motions, refusing at the same time a request that the court make the election for plaintiffs. Plaintiffs have appealed from the judgment dismissing their action.

The allegations of plaintiffs' petition as finally amended are very confusing and difficult to understand, and it will serve no good purpose to attempt a detailed explanation of the various causes of action set forth therein. However, an analysis of the pleadings discloses that plaintiffs have joined and are asserting in one petition numerous claims against defendants who are no longer before the court and, moreover, that certain plaintiffs have set up so-called causes of actions in the same pleading against other plaintiffs. Furthermore, the petition in its final phase reveals not only a misjoinder of distinct and independent demands but a misjoinder of parties who, as among themselves, have never had any common interest in or connection with the various issues in litigation. Nor does the petition in its present form state a joint cause of action on behalf of the plaintiffs against any or all of the defendants.

Plaintiffs maintain it was error to dismiss the petition on the ground of multifariousness because the Chancellor should have elected for them, upon their refusal so to do, which cause of action they might prosecute against any or all of the defendants and then dismiss without prejudice the remaining causes of action. To support this contention, they rely upon Section 85 of the Civil Code of Practice, which reads as follows:

"The court, at any time before defense shall, on motion of a party, require the adverse party to elect which of two or more causes of action, improperly joined, he will prosecute; and, upon his refusal so to elect, shall strike out of the petition, answer or reply any cause of action improperly joined with another."

This Code provision obviously relates to an election that may be required when two or more causes of action have been improperly joined by "the adverse party". Thus, where the adverse party is a single plaintiff who has improperly joined several causes of action, it is a comparatively simple matter for a trial court to strike out the causes of action that have been improperly joined. Likewise, where several plaintiffs improperly join several joint causes of action, appropriate remedial action on the part of the lower court leaves all the plaintiffs before the court free to prosecute their remaining joint cause of action. These two situations are illustrated by the case of Ashurst v. Dixie Block Coal Co., 230 Ky. 812, 20 S.W.2d 1011, and by that of Tudor v. Kentucky Utilities Co., 282 Ky. 277, 138 S.W.2d 473.

Relief is not available, however, under this Code section if unrelated and distinct causes of action are alleged by one or more plaintiffs independently and severally against one or more defendants and if, besides, there are one or more unrelated joint causes of action averred by two or more plaintiffs against one or more defendants. Nor does this Code provision place upon the lower court the duty to unscramble that character of pleading and to determine which plaintiff or plaintiffs shall remain in court and which of the individual or joint causes shall be prosecuted, when the plaintiffs have refused to reform or elect as between themselves and as between their several separate or joint causes of action. On the contrary, it is the established rule of law that where numerous plaintiffs attempt to assert in one petition

causes of action that are several, or where a multiple of plaintiffs who have improperly joined their individual causes of action seek to have the lower court decide which of them shall be permitted to prosecute which separate cause of action to a conclusion, it is incumbent upon the trial judge to dismiss the petition without prejudice. City of Paducah v. Allen, 49 S.W. 343, 20 Ky.Law Rep. 1342. We conclude that the Chancellor properly dismissed the petition for the reason that it was multifarious.

Wherefore, the judgment is affirmed.